Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★       ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00863-CV

**PREMIER COIN GALLERIES, INC.**,
Appellant

v.

J.D. **GRINAGE**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 335831
Honorable Karen Crouch, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis Speedlin, Justice

Delivered and Filed:   June 24, 2009

REVERSED AND REMANDED

This is a restricted appeal from a no-answer default judgment rendered in favor of appellee,

J.D. Grinage. Because we conclude service of process was defective, we reverse and remand.

## SERVICE OF PROCESS

A restricted appeal (1) must be brought within six months of the date of judgment; (2) by a

party to the suit who did not participate in the trial; and (3) the error complained of must be apparent

from the face of the record. TEX. R. APP. P. 26.1(c); *Norman Commc's v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The only issue in this appeal is whether there is error apparent on the face of the record. The face of the record consists of all papers on file in the appeal. *Norman Commc's,* 955 S.W.2d at 270. On appeal, Premier Coin asserts it is apparent on the face of the record that service of process was defective. We agree.

A default judgment cannot withstand direct attack by a defendant who complains that it was not served in strict compliance with applicable requirements. *See, e.g., Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 886 (Tex. 1985) (per curiam). There are no presumptions in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). If the record fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *Uvalde Country Club,* 690 S.W.2d at 885. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Wilson v. Dunn,* 800 S.W.2d 833, 836-37 (Tex. 1990). If proper service is not affirmatively shown, there is error on the face of the record. *Primate Constr., Inc.,* 884 S.W.2d at 153.

In this case, service of process was attempted by certified mail, return receipt requested. *See* TEX. R. CIV. P. 106(a)(2). When service is by certified mail "the return by the officer or authorized agent must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107. "If the return receipt is not signed by the addressee, the service of process is defective." *Keeton v.*

*Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied) (return receipt signed by Laura J. Garcia, who was not addressee; therefore, service of process was defective); *Pharmakinetics Laboratories, Inc. v. Katz,* 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ) (return receipt signed by Charlotte Young but addressee was Pharmakinetics Laboratories, Inc. c/o Steven Woodman; therefore, service of process was defective). Here, citation was directed to Premier Coin "by serving its Registered Agent, Christopher Innace . . . ." The return receipt was signed by "J. Monte." This discrepancy renders service of process on Premier Coin invalid because the record shows on its face that the return was not signed by the person designated to receive service on behalf of the corporation.

Also, when serving an agent for a corporation, the citation must affirmatively show that the individual served is in fact the agent for service. *Pharmakinetics Laboratories,* 717 S.W.2d at 706. Grinage's original petition affirmatively states Christopher Innace is Premier Coin's registered agent, and citation was directed to Premier Coin "by serving its Registered Agent, Christopher Innace . . . ." However, the record contains no affirmative showing that J. Monte is Premier Coin's "agent." *See* TEX. BUS. ORGS. CODE ANN. § 5.255(1) (Vernon 2008) ("For the purpose of service of process, notice, or demand: (1) the president and each vice president of a domestic or foreign corporation is an agent of that corporation . . . ."). This discrepancy renders service of process on Premier Coin invalid because the record shows on its face that the return was not signed by Premier Coin's registered agent, as indicated in the citation.

Finally, the Texas Rules of Civil Procedure require that the date and time of service be indicated on the citation. *See* TEX. R. CIV. P. 16 ("Every officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them . . . and the time and place the process was served and shall sign the returns officially."); TEX. R. CIV. P. 105 ( "[t]he officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it . . . ."); TEX. R. CIV. P. 107 ("the return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served . . . ."). Here, the record indicates the lawsuit was filed on January 22, 2008 and citation was issued by the clerk of the court on January 24, 2008; but the "Officer's Return" section of the citation indicates the process server received the notice document on January 23, 2008. The process server could not have executed service one day before citation was issued by the court clerk. "[W]e cannot ignore temporal references in the citation's return that are nonsensical and incapable of reconciliation." *TAC Am., Inc. v. Boothe*, 94 S.W.3d 315, 321 (Tex. App.—Austin 2002, no pet.).

As the party requesting service, Grinage had the responsibility to see that process was properly accomplished. *Primate Constr., Inc.,* 884 S.W.2d at 153; TEX. R. CIV. P. 99(a). "This responsibility extends to seeing that service is properly reflected in the record." *Primate Constr., Inc.,* 884 S.W.2d at 153. Texas Rule of Civil Procedure 118 allows for liberal amendment of the return of service in order to show the true facts of service. TEX. R. CIV. P. 118. If the facts as recited in the process server's return are incorrect and do not show proper service, the party requesting service must amend the return prior to judgment. *Primate Constr., Inc.,* 884 S.W.2d at 153. Grinage

-4-

did not seek to amend the return of service.  As a result, there remains an obvious defect on the face of the record, and, because "[t]he return presents an irreconcilable inconsistency in the times of receipt and execution; it must be held invalid." *TAC Am.*, 94 S.W.3d at 322.

## CONCLUSION

We conclude the face of the record indicates service of process was defective; therefore, default judgment against Premier Coin was improper.  We reverse the trial court's judgment and remand to the trial court for further proceedings.

Sandee Bryan Marion, Justice