PRIMATE CONSTRUCTION,
INC., Petitioner,

v.

Jim SILVER, Suzanne Silver and
Silver Inspection Services,
Inc., Respondents.

No. 94–0723.

Supreme Court of Texas.

Sept. 15, 1994.

Rayborn C. Johnson, Jr., The Woodlands,
William K. Conkin, Houston, for petitioner.

Jeffrey P. Norman, Houston, for respondents.

**PER CURIAM.**

On appeal by writ of error from default judgment, we consider whether Defendant Primate Construction Co., Inc. has shown error on the face of the record because the sheriff's pre-printed return of service states that Primate Construction was served with a version of the plaintiff's petition in which it was not named as a defendant. Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants Petitioner's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to the trial court.

Jim Silver, Suzanne Silver and Silver Inspection Services, Inc. originally filed suit against Gary Wayne Martin, the driver of the car with which they collided and an employee of Primate Construction, Inc. Primate Construction was first named as a defendant in Plaintiffs' Second Amended Petition. The citation in the record indicates that the citation was attached to a true and correct copy of Plaintiffs' *Second Amended* Petition; however, the pre-printed return of service form, signed by the sheriff, indicates that Primate Construction was served with a true and correct copy of the Plaintiffs' *Original* Petition. When Primate Construction failed to answer, the plaintiffs took a default judgment, from which Primate Construction appealed by writ of error to the court of appeals.

In order to be entitled to reversal by writ of error, a party who did not participate at trial has six months in which to show error on the face of the record. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982). Because the sheriff's return shows that the defendant was served with a version of the plaintiffs' petition in which Primate Construction was not named as a defendant, the court of appeals erred in finding no error on the face of the record.

For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 886 (Tex.1985); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Flynt v. Kingsville,* 125 Tex. 510, 82 S.W.2d 934 (1935); *Sloan v. Batte,* 46 Tex. 215, 216 (1876); *Roberts v. Stockslager,* 4 Tex. 307 (1849). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *Uvalde,* 690 S.W.2d at 836; *McKanna,* 388 S.W.2d at 929; *Flynt,* 82 S.W.2d at 934. Here, the plaintiffs argue that there is no error because the blanks filled in on the citation show the correct petition was attached, while the only evidence to the contrary is a form on which the sheriff made no affirmative alteration. This argument ignores the weight given to the recitations in the sheriff's return as proof of service.

The return of service is not a trivial, formulaic document. It has long been considered prima facie evidence of the facts recited therein. *Pleasant Homes v. Allied Bank of Dallas,* 776 S.W.2d 153, 154 (Tex. 1989); *Gatlin v. Dibrell,* 74 Tex. 36, 11 S.W. 908, 909 (1889) ("The return of the officer imports absolute verity, and was sufficient to authorize the rendition of judgment upon default...."). *See also Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 116 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Pierce–Fordyce Oil Ass'n v. Staley,* 190 S.W. 814, 815 (Tex.Civ.App.—Amarillo 1916, no writ). The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. *Ward v. Nava,* 488 S.W.2d 736, 738 (Tex.1972); *Sanders v. Harder,* 227 S.W.2d 206, 209 (Tex.1950); *Gatlin,* 11 S.W. at 909; *Pierce–Fordyce,* 190 S.W. at 815. The weight given to the return is no less when the recitations impeach the judgment than when they support it.[1]

The officer's return does not cease to be prima facie evidence of the facts of

---

1. Primate Construction also argues that the record does not demonstrate the authority of person served to accept service of process on its behalf; however, the Court of Appeals correctly decided this point. The Sheriff's return recited that the person served was Primate Construction's regis-

service simply because the facts are recited in a form rather than filled in by the officer. It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. Tex.R.Civ.P. 99(a). This responsibility extends to seeing that service is properly reflected in the record. The Rules of Civil Procedure allow for liberal amendment of the return of service to show the true facts of service. Tex.R.Civ.P. 118. If the facts as recited in the sheriff's return, pre-printed or otherwise, are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment. Under the current state of the record, the only proof that Primate Construction was served with anything at all is a return which recites service of a pleading in which it had not been sued.

Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise. Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error of Primate Construction Co., Inc. and, without hearing oral argument, reverses the judgment of the court of appeals and remands the cause to the trial court.

tered agent. A registered agent is authorized to accept service of process for the corporation. Tex.Bus. & Com.Code Ann. § 2.11 (Vernon 1980). The return is prima facie evidence of a person's status as a registered agent in the same way that it is prima facie evidence of a corporate officer's status. *See Pleasant Homes, Inc. v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex. 1989).