11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
American Cemwood Corporation
            Appellant
Vs.                  No. 11-04-00029-CV -- Appeal from Midland County
Greg L. Hilgemeier
            Appellee
 
            Appellee, Greg L. Hilgemeier, attempted to serve appellant, American Cemwood
Corporation, by mail through appellant’s registered agent, CT Corporation. CT Corporation
promptly returned the citation with a letter dated January 24, 2003, to appellee’s attorney and the
district clerk. The letter stated that appellant had withdrawn from doing business in the State of
Texas; therefore, CT Corporation’s designation as appellant’s registered agent had been revoked. 
Because CT Corporation was no longer appellant’s registered agent, CT Corporation stated that it
could not accept service on behalf of appellant.
            Appellee filed a First Supplemental Petition on April 28, 2003. This supplemental petition
indicated that appellant could be served by private process at the last known address of appellant’s
president. The record contains a court order granting private service of process dated May 13, 2003. 
However, the record does not reflect that there was any attempt to serve appellant through any agent
other than CT Corporation.
            On August 4, 2003, appellee submitted to the trial court (1) an affidavit to prove up damages
(2) an Attorney’s Certificate of Last Known Address, and (3) a default judgment. On August 26,
2003, a default judgment was entered against appellant. As set out in the default judgment, the court
found that the appellant was properly served by a duly authorized private process server with a
citation and a copy of appellee’s petition on February 23, 2003. We find nothing in the record dated
February 23, 2003, or filed on February 23, 2003. Appellant filed its notice of restricted appeal on
January 26, 2004. We reverse and remand.
            A direct attack on a judgment by restricted appeal must (1) be brought within six months after
the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the hearing
that resulted in the judgment made the subject of the complaint and (4) who did not file a
postjudgment motion, request for findings of fact and conclusions of law, or other notice of appeal;
and (5) the error that forms the basis of the complaint must be apparent on the face of the record. 
Norman Communications v. Texas Eastman Company, 955 S.W.2d 269, 270 (Tex.1997); see
TEX.R.APP.P. 30. 
            Review by restricted appeal affords an appellant a review by this court of the entire case, just
as in an ordinary appeal, with the only requirement being that any error must appear on the face of
the record. Norman Communications v. Texas Eastman Company, supra. Appellant has met the
criteria for a restricted appeal. Appellant filed this appeal within six months after the judgment was
signed. Appellant is a party to the suit and did not participate at trial or file postjudgment motions
or other notice of appeal. The claimed error -- alleged failure to secure proper service -- can be
determined from the face of the record.
            A default judgment cannot stand when service was not in strict compliance with the Texas
Rules of Civil Procedure. Primate Construction, Inc. v. Silver, 884 S.W.2d 151, 152 (Tex.1994). 
There is no presumption in favor of valid issuance, service, and return of citation in the face of a
direct attack on a default judgment. Primate Construction, Inc. v. Silver, supra. Strict compliance
with the Texas Rules of Civil Procedure relating to the issuance, service, and return of citation must
be shown on the face of the record; or the attempted service of process will be rendered invalid and
of no effect. Uvalde Country Club v. Martin Linen Supply Company, Inc., 690 S.W.2d 884, 885
(Tex.1985).
            Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to
the jurisdiction of the court and (2) if the defendant is amenable to the jurisdiction of the court, the
plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. Kawasaki
Steel Corporation v. Middleton, 699 S.W.2d 199, 200 (Tex.1985). Appellee attempted to serve
appellant through CT Corporation after appellant withdrew from doing business in Texas. Such
service was ineffective. There were no further attempts by the appellee to serve appellant at any last
known address or through any officer of the corporation. Appellant was not properly served. 
Without proper service, the trial court never acquired personal jurisdiction over appellant. 
Appellant’s first issue is sustained. Therefore, we need not address appellant’s remaining issues. 
TEX.R.APP.P. 47.1.
            The default judgment is reversed, and the cause is remanded to the trial court. Pursuant to
TEX.R.CIV.P. 123, on remand from a restricted appeal, no new service of process is required for
appellant.
This Court’s Ruling
            The default judgment is reversed, and the cause is remanded for a new trial. 
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
March 3, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.