# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00223-CV

**David Hernandez, Appellant**

**v.**

**Tomasita Orta Hernandez, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT
## NO. 04-1057-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this restricted appeal we determine whether the district court erred in entering a default judgment of divorce against appellant, David Hernandez. Tomasita Hernandez filed for divorce in May 2004. A hearing was held in September; David[1] did not appear. The district court found David in default and entered a final divorce decree in November. David contends that the district court erred in entering the default divorce decree because there is no evidence in the record establishing that he was served with citation.[2] Because we agree, we reverse the district court's judgment and remand for trial on the merits.

---

[1] For ease of reference, we refer to the parties by their first names.

[2] We note that Tomasita did not file a brief. When an appellee fails to file a brief, the appellate court may accept any factual statement made in appellant's brief as true. *See* Tex. R. App. P. 38.1(f) (court will accept as true facts stated unless another party contradicts them); *Roberts v. Roberts*, 999 S.W.2d 424, 439 (Tex. App.—El Paso 1999, no pet.) (construing Tex. R. App. P. 38.1(f)).

## BACKGROUND

David and Tomasita were married in July 1958; they have four adult children. On May 21, 2004, Tomasita filed for divorce alleging cruel treatment. Tomasita requested a disproportionate share of the community estate, post-divorce maintenance, and a temporary restraining order. Tomasita alleged that David had assaulted her by (1) intentionally, knowingly, or recklessly injuring her; (2) intentionally or knowingly threatening her, thus placing her in fear of imminent bodily injury; and (3) intentionally or knowingly causing physical contact with her that he knew or should have known she would regard as offensive or provocative. The district court immediately issued a temporary restraining order and ordered that a hearing on the issue take place in June. The district court's docket sheet indicates that no hearing on the temporary restraining order was ever held.

On September 30, 2004, the district court held a hearing on Tomasita's divorce petition. David did not appear at the hearing. The district court granted the divorce on the grounds of insupportability and cruelty. The final divorce decree was signed on November 5, 2004. The district court awarded David all of his separate property and all of the community property in his physical possession at the time of divorce. Tomasita received her separate property and the remainder of the community property, including the marital residence, a 2004 Nissan Maxima, and the funds in three bank accounts. On December 10, 2004, David filed an untimely motion for a new trial; the district court denied the motion. David did not request findings of fact or conclusions of law.

**Service of citation**

In his first issue, David insists that the district court erred in entering the default divorce decree because he was not served with citation. A default judgment may be attacked through a restricted appeal brought (1) within six months of the date of the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, (4) if the asserted error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). A restricted appeal challenging a default judgment is a direct attack on the judgment. *Furst v. Smith*, 176 S.W.3d 864, 866 n.1 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A plaintiff defending a default judgment must show strict compliance with the procedural rules governing citation and return of service. *See* Tex. R. Civ. P. 99, 103, 105, 106, 107; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (strict compliance with rules for service of citation must affirmatively appear on face of record for default judgment to withstand direct attack). In reviewing a default judgment, we make no presumptions of compliance with the rules. *Primate Constr.*, 884 S.W.2d at 152.

After an original petition is filed, the clerk issues a citation and delivers it "as directed by the requesting party"; the party requesting citation is responsible for obtaining service of the citation and a copy of the petition. Tex. R. Civ. P. 99(a). The citation notifies the defendant of the suit and of the court in which the suit has been filed, the parties' names, and the date by which the defendant must answer and warns that failure to answer may result in default judgment being entered against the defendant. Tex. R. Civ. P. 99(b). An authorized person must serve the citation by

delivering it, with a copy of the petition, to the defendant in person or by registered or certified mail, return receipt requested. Tex. R. Civ. P. 103, 106(a). When the serving officer receives the citation, she must note the time and date of receipt. Tex. R. Civ. P. 105. Once service is made, the serving officer must sign a "return of service" and must note when and how citation was served. Tex. R. Civ. P. 107. If service is made by registered or certified mail, the return receipt signed by the addressee must be attached to the return of service. *Id.* A return of service is considered prima facie evidence of the facts it recites. *Primate Constr.*, 884 S.W.2d at 152. Such recitations carry so much weight that they are rebutted only by corroborated proof. *Id.*

David meets the requirements to bring a restricted appeal: he was party to the underlying suit; he neither appeared nor participated in any manner in the actual trial of the case; he did not timely file a post-judgment motion and did not request findings of fact or conclusions of law; and his restricted appeal was filed within six months of the judgment. *See* Tex. R. App. P. 26.1(c), 30.

On July 22, 2004, David was served with notice that Tomasita had requested and received a temporary restraining order against him; a copy of the order was attached to the notice. The order stated that a hearing on the matter had been set for June 4, 2004, more than seven weeks prior to the date of service. Neither the notice nor the order informed David that Tomasita had filed a divorce petition in Williamson County district court or the date by which he was to file an answer. Also, neither recited that failure to answer may result in a default judgment being entered against him. We hold that this notice did not comply with the procedural rules governing citation. Tex. R. Civ. P. 99(b). Furthermore, the record contains no evidence establishing that David was served with

4

citation. Citation was issued by the Williamson County district clerk on the same day that Tomasita filed her original divorce petition. However, there is no indication that the citation, along with the petition for divorce, was ever properly served on appellant. The citation is not signed by the serving officer, there is no date or time noted to establish when or if it was served, and the return of service portion is blank. We hold that Tomasita has not carried her burden of demonstrating strict compliance with the procedural rules governing citation and return of service. *See Primate Constr.*, 884 S.W.2d at 152.

## CONCLUSION

We reverse the district court's default judgment and remand for trial on the merits.

_____
Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Reversed and Remanded

Filed:   March 9, 2006

5