Opinion filed November 30, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00340-CV

                                                     __________

 

                          DOLGENCORP
OF TEXAS,
INCORORATED,

                             A
CERTIFIED SELF-INSURED, Appellant

 

                                                             V.

 

                                      DARLENE
SEWELL, Appellee

 



 

                                        On
Appeal from the County Court at Law 

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. CC-17103

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This is a default judgment case where a final
judgment was entered against a defendant who was never served with a citation.  We reverse and remand.

Darlene Sewell (claimant) sued Dolgencorp of
Texas, Incorporated, a certified self-insured, (carrier) seeking, by judicial
review, to set aside an adverse ruling by the Texas Workers= Compensation Commission Appeals Panel.








The trial court entered a default judgment setting
aside the decision of the Texas Workers=
Compensation Commission Appeals Panel and awarded claimant certain disability
benefits.  Carrier timely filed a
restricted appeal.  Claimant has elected
not to file a brief in this court.

The first citation that was issued by the district
clerk was returned unserved by the deputy sheriff with the notation it was not
executed due to Abad
address . . . per plaintiff atty.@  Claimant=s
attorney then requested that a second citation be reissued and served upon
carrier by serving AFrank
Gates Service Company@
at a specific address in Dallas
 County.  On August 4, 2004, R.L. Skinner, Dallas
County Precinct 4 Constable, was unable to serve the citation and noted under
the AAttempted
Service - Diligence@ section AP/A N/A ON FRONT - C.T. CORP. NOW R/A.@ 
The second citation was then changed by delineating Frank Gates Service
Company and inserting AC.T.
Corp.@ as
registered agent.  On August 6, 2004, the
amended second citation was placed with Rick Richardson, Dallas County Precinct
3 Constable.  Service was attempted upon
C.T. Corporation but failed because as noted on the return:  AC.T.
CORPORATION IS NOT REGISTERED AGENT FOR THIS COMPANY OR CORPORATION.@ 
The unexecuted amended second citation return was filed with the
district clerk on August 23, 2004.  No
further service of citation was requested or service accomplished.  Nevertheless, the district clerk=s office notified claimant=s attorney on August 25, 2004, that
service had been effected on carrier by service of citation on A8-4-04.@  This was a mistake.

The record clearly shows that the trial court did
not have jurisdiction to enter the default judgment.  Tex.
R. Civ. P. 107; Primate Constr. v. Silver, 884 S.W.2d 151 (Tex. 1994).

The judgment of the trial court is reversed, and
the cause is remanded to the trial court for further proceedings.

 

PER CURIAM

 

November 30, 2006

Panel
consists of:  Wright, C.J.,

Strange,
J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.