MEMORANDUM OPINION



No. 04-07-00241-CV



IN THE INTEREST OF J.T.O. & A.R.O., Children



From the 198th Judicial District Court, Kerr County, Texas


Trial Court No. 94-698-B


Honorable Emil Karl Prohl, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: January 16, 2008


REVERSED AND REMANDED

 Barry Oxford appeals a default judgment confirming that no child support arrearages were
owed by Sherrie J. Anderson. Because the record reflects that citation was served on a Sunday and
because the citation was defective, we reverse the default judgment and remand the cause to the trial
court for a new trial. (1)

 In order for a default judgment to withstand direct attack, strict compliance with the rules of
service of citation must affirmatively appear on the record. Primate Const., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994). There are no presumptions in favor of valid issuance, service, and
return of citation. Id. The rules relating to the issuing and serving of processes are mandatory, and
failure to comply with such rules renders the service thereunder of no effect. Lemothe v. Cimbalista,
236 S.W.2d 681, 682 (Tex. Civ. App.--San Antonio 1951, writ ref'd).

 Rule 99(b) of the Texas Rules of Civil Procedure requires the citation to show the date of
filing of the petition. Tex. R. Civ. P. 99(b). This requirement has remained "substantially the same
since the beginning of the twentieth century, and the legislature has indicated no intent to relax strict
compliance in this regard." Mansell v. Ins. Co. of the West, 203 S.W.3d 499, 501 (Tex.
App.--Houston [14th Dist.] 2006, no pet.). In this case, the motion being served was filed on
November 1, 2006; however, the citation states that the "petition was filed on 12/08/1994." (2) This
error in stating the petition's filing date is fatally defective. Id.; Hance v. Cogswell, 307 S.W.2d 277,
278, 280 (Tex. Civ. App.--Austin 1957, no writ); Garza v. Garza, 223 S.W.2d 964, 964 (Tex. Civ.
App.--San Antonio 1949, no writ). Although Anderson asserts that the trial court corrected this
error by initially granting a new trial, the correction was not complete because ultimately the trial
court stated that the motion for new trial was overruled by operation of law, and the default judgment
was not set aside.

 In addition to the defect in the citation, the officer's return states that the petition was
delivered on a Sunday. The return of service is not a trivial, formulaic document and is prima facie
evidence of the facts recited therein. Primate Const., Inc., 884 S.W.2d at 152. Rule 6 of the Texas
Rules of Civil Procedure provides that process shall not be served on Sunday unless one of the stated
exceptions, which are not applicable in this case, applies. Tex. R. Civ. P. 6. Because the record
shows that Oxford was not served in strict compliance with the law, the default judgment must be
set aside. Although Anderson points to another document in the record entitled "Affidavit of
Reasonable Diligence," to contend that service actually occurred on a Monday, this document is
inconsistent with both the officer's return and the officer's Affidavit of Service, which both contain
the Sunday date. The Rules of Civil Procedure allow for liberal amendment of the return of service
to show the true facts of service. Tex. R. Civ. P. 118; Primate Const, Inc., 884 S.W.2d at 153. If
the day of service reflected in the officer's return was incorrect, Anderson, as the party requesting
service, should have caused the return to be amended prior to judgment. Primate Const., Inc., 884
S.W.2d at 153.

 The trial court's judgment is reversed, and the cause is remanded to the trial court for a new
trial.

 Phylis J. Speedlin, Justice



1. Because they are not necessary to the disposition of this appeal, we do not address the other issues raised by
Oxford. See Tex. R. App. P. 47.1 (court of appeals must hand down a written opinion that is as brief as practicable but
that addresses issues necessary to final disposition of the appeal).
2. Interestingly, this date is prior to the date of the divorce decree containing the child support provision to which
the motion related. The date of the divorce decree was December 1, 1995.