

**REVERSE and REMAND; Opinion Filed September 10, 2012.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00962-CV

**JPMORGAN CHASE BANK, N.A., Appellant**

**V.**

**TEJAS ASSET HOLDINGS, L.L.C., Appellee**

On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-04897-2010

## MEMORANDUM OPINION

Before Justices Morris, Moseley, and Myers
Opinion By Justice Moseley

In this restricted appeal, JPMorgan Chase Bank, N.A. ("Chase"), seeks to overturn a default judgment declaring a deed of trust lien extinguished and of no force and effect. Chase contends there is error apparent on the face of the record because the record does not contain an executed return of service and plaintiff's original petition fails to state a valid cause of action to quiet title. The background of the case is well known to the parties; thus, we do not recite it here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. Because the face of the record shows a failure to comply strictly with the rules for service and return of citation, we reverse the trial court's judgment and remand for further proceedings.

According to its petition, Tejas Asset Holdings, L.L.C. purchased the property at issue in a



foreclosure sale conducted to collect unpaid homeowner-association assessments. Tejas later sued Chase Home Finance L.L.C.[1] seeking a declaration that the deed of trust lien held by Chase was unenforceable because, as Tejas alleged on information and belief, Chase did not have possession of the original promissory note secured by the deed of trust. Tejas also asserted a claim to quiet title in the event Chase was unable to verify the validity of the deed of trust. Tejas sought to serve Chase by certified mail through its registered agent for service. Chase did not appear in the case and the trial court rendered a default judgment. Chase did not file any postjudgment motions, but filed a notice of restricted appeal within six months of the default judgment. *See* TEX. R. APP. P. 30.

The only issue in this restricted appeal is whether there is reversible error apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (listing elements of restricted appeal). "For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). Failure to comply with these rules constitutes error on the face of the record. *Id.* There are no presumptions in favor of valid issuance, service, and return of citation in the face of an attack on a default judgment by restricted appeal. *Primate Constr.*, 884 S.W.2d at 152.

Tejas's motion for default judgment recites that the citation and proof of service were returned to the court and were on file at least ten days before the judgment. This statement is not supported by the record. Neither the citation nor the proof of service is contained in the clerk's record. The certified mail return receipt (green card) is the only document regarding service in the record. But the green card alone is not proof of service as required by rule 107. *See* TEX. R. CIV.

---

[1] Chase asserts on appeal that it is the successor by merger to Chase Home Finance L.L.C.

P. 107, 50 TEX. B. J. 854 (1987, amended 2011) (listing information required in return of service). Furthermore, when service is by certified mail, the return of service "must *also* contain the return receipt with the addressee's signature." *Id.* (emphasis added).

The citation and return of service must be on file more than ten days before a default judgment is rendered. TEX. R. CIV. P. 107, 53 TEX. B. J. 595 (1990, amended 2011). The face of the record does not affirmatively show a proper return of service was on file with the clerk at least ten days before the default judgment. Therefore, the default judgment cannot stand. *See Primate Constr.*, 884 S.W.2d at 153 ("Proper service not being affirmatively shown, there is error on the face of the record, and the court of appeals erred in holding otherwise."). We sustain Chase's first issue and need not address its second issue. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's judgment and remand this case for further proceedings.

JIM MOSELEY
JUSTICE

110962F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JPMORGAN CHASE BANK, N.A.,
Appellant

No. 05-11-00962-CV     V.

TEJAS ASSET HOLDINGS, L.L.C.,
Appellee

Appeal from the 429th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
429-04897-2010).
Opinion delivered by Justice Moseley,
Justices Morris and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings. It is **ORDERED** that appellant JPMorgan Chase Bank, N.A. recover its costs of this appeal from appellee Tejas Asset Holdings, L.L.C.

Judgment entered September 10, 2012.

JIM MOSELEY
JUSTICE

# Record Retention Form – Civil Cases

**APPELLATE CASE NO.:**  05-11-00962-CV

        **STYLE**:      JPMorgan Chase Bank, N.A.

        **VS**:        _Tejas Asset Holdings, L.L.C._

**COUNTY**:  Collin

**CASE DISPOSITION & DATE**:  Reversed and Remanded;   9-10-12

**DESCRIPTION/SUBJECT OF THE CASE**:  Restricted appeal from default judgment declaring deed of trust lien void.

 

**RECOMMENDATIONS**:  [ X ] **DESTROY**    [  ] **RETAIN** (see retention list below)

[  ]    Appeal concerning election questions (all),

[  ]    Appeal concerning landmark legal opinions,

[  ]    Appeal that contains unique information on the area's history or concerning important public figures or events. List pertinent information above, i.e., person's name, or event, etc.

**SIGNED**: _____

**DATE**:____September 10, 2012_____        **SERIES NO.**: _____