# NO. 12-12-00198-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF THE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2004-HE1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-HE1,* | § | *APPEAL FROM THE* |
| *APPELLANTS* | § | *COUNTY COURT AT LAW* |
| *V.* | | |
| *DAVE LEWIS AND GLENDA LEWIS, APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Deutsche Bank National Trust Company, as Trustee on Behalf of the Certificateholders of the Morgan Stanley ABS Capital I Inc. Trust 2004-HE1, Mortgage Pass Through Certificates, Series 2004-HE1 (Deutsche Bank) brings a restricted appeal in which it complains that the trial court erred in awarding a default judgment in favor of Dave Lewis and Glenda Lewis. Deutsche Bank raises two issues on appeal. We reverse and remand.

### BACKGROUND

The Lewises applied for and received a home equity loan from AAMES Home Loan. AAMES transferred the loan to Morgan Stanley, and Morgan Stanley deposited the note into a securitized loan trust with Deutsche Bank serving as the trustee.

The Lewises concluded that they were charged loan fees in excess of those allowed by the Texas Constitution. They notified Deutsche Bank and sought a refund of the overcharge plus

the interest paid on the overcharge. When Deutsche Bank failed to comply with their request, the Lewises filed suit. Before they served Deutsche Bank with citation, the Lewises filed an amended petition.

Deutsche Bank is a foreign entity and does not maintain a registered agent in Texas. Consequently, the Lewises sought to have Deutsche Bank served through the Texas Secretary of State. They sent a copy of the citation and their amended petition to the Secretary of State. The Secretary of State's return of service made no reference to the citation and amended petition. Instead, the notation on the return stated that a copy of "the 24071067" was served on Deutsche Bank. The return of service was filed in the trial court on March 2, 2012.

After the return of service had been on file for the required number of days, the Lewises filed a motion for default judgment. On March 27, 2012, the trial court signed a default judgment in favor of the Lewises and against Deutsche Bank.

On April 17, 2012, Deutsche Bank filed its original answer, including affirmative defenses and a counterclaim. On May 23, 2012, Deutsche Bank filed a notice of restricted appeal. And finally, on May 30, 2012, the Secretary of State's corrected return of service was filed in the trial court, showing that a copy of the citation and amended petition had been served on Deutsche Bank.

## DEFAULT JUDGMENT

In their first issue, Deutsche Bank contends that the trial court erred in rendering a default judgment against it because the evidence before the trial court did not establish that Deutsche Bank was served with a copy of the citation and amended petition.

**Applicable Law**

A restricted appeal is available to a party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of, and did not timely file a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal. TEX. R. APP. P. 30. Notice of the restricted appeal must be filed within six months after the judgment or order is signed. TEX. R. APP. P. 26.1(c).

A party can prevail in a restricted appeal only if error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). When a default

judgment is attacked in a restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (error apparent on face of record where return of service failed to indicate party was served with proper petition).

## Application

In this case, the Secretary of State's return of service should have stated that a copy of the citation and the amended petition were mailed to and received by Deutsche Bank, but it did not. Although the Secretary of State corrected the error, the corrected return of service was not on file at the time the default judgment was rendered. Instead, the record at that time showed only that Deutsche Bank had been served with a copy of "the 24071067." This defect in service constitutes error apparent from the face of the trial court record. *See id*. Moreover, Deutsche Bank did not participate, either in person or through counsel, in the hearing that resulted in the default judgment. *See* TEX. R. APP. P. 30. Nor did it timely file a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal. *See id*. Deutsche Bank also filed its notice of restricted appeal within six months after the default judgment was signed. *See* TEX. R. APP. P. 26.1(c). Therefore, Deutsche Bank has satisfied the requirements for prevailing in a restricted appeal. *See id*.; *Alexander*, 134 S.W.3d at 848.

We hold, and the Lewises concede in their brief, that the trial court erred in rendering the default judgment based upon the record before it at the time. *See Silver*, 884 S.W.2d at 152. Accordingly, we sustain Deutsche Bank's first issue. Because we have sustained Deutsche Bank's first issue, we do not consider its second issue. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Having sustained Deutsche Bank's first issue, which is dispositive, we ***reverse*** the trial court's default judgment in favor of the Lewises and against Deutsche Bank, and ***remand*** for further proceedings.

**BRIAN HOYLE**
Justice

Opinion delivered November 30, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)

3



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2012**

## NO. 12-12-00198-CV

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF THE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2004-HE1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-HE1,**

Appellants

V.

**DAVE LEWIS AND GLENDA LEWIS,**

Appellees

Appeal from the County Court at Law
of Van Zandt County, Texas. (Tr.Ct.No. CV04634)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellees, **DAVE LEWIS AND GLENDA LEWIS**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*