**Opinion issued March 12, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00069-CV

———————————

**AVEW HOLDING, INC. D/B/A AUSTIN PREMIER POOLS & SPAS,**
**Appellant**

**V.**

**COUNTY OF WILLIAMSON, TEXAS, Appellee**

---

**On Appeal from the 368th District Court**
**Williamson County, Texas[1]**
**Trial Court Case No. 16-0716-T368**

---

## MEMORANDUM OPINION

Williamson County sued Jose G. Chavez, d/b/a Austin Premiere Pools, for

---

[1]    The Supreme Court of Texas transferred this appeal from the Court of Appeals
       for the Third District to this court. We are unaware of any conflict between
       precedent of that court and this court on any relevant issue.

delinquent property taxes with the filing of its original petition on November 30, 2016. Chavez was served on January 19, 2017 but did not file his pro se answer until July 17, 2017, which was after Williamson County filed its first amended petition on June 7, 2017. The first amended petition added "Avew Holdings, Inc. d/b/a Austin Premier Pools & Spas, a corporation" (Avew Holdings) as a defendant and omitted Chavez as a defendant, but its caption was unchanged from the original petition: "The County of Williamson, Texas, Plaintiff vs. Jose G. Chavez, d/b/a Austin Premiere Pools, Defendant."

Williamson County obtained a default judgment in the amount of $2,667.83 against Avew Holdings on December 7, 2017, and Chavez filed a pro se notice of appeal on December 13, 2017. After Williamson County filed a motion to dismiss this appeal for lack of jurisdiction, but before appellant Avew Holdings filed its brief, Avew Holdings's counsel filed an amended notice of appeal to correct that it, instead of Chavez, was the appellant.[2]

In two issues, Avew Holdings asserts that we have appellate jurisdiction despite Chavez's defective notice of appeal and that the default judgment must be reversed because the return of service on Avew Holdings is deficient in several respects. We agree and reverse the default judgment.

---

[2] Williamson County has not objected to Avew Holdings's amended notice of appeal.

**Jurisdiction.** In its motion to dismiss, Williamson County argues that because its first amended petition omitted Chavez as a defendant, Chavez was in effect nonsuited and no longer a party[3] and could not file a notice of appeal for himself. Williamson County further argues that, as a non-lawyer, Chavez could not file a notice of appeal for Avew Holdings, the actual defendant in the default judgment.[4]

"[A] timely filed document, even if defective, invokes the court of appeals' jurisdiction." *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam). The factor that determines whether jurisdiction has been conferred on the appellate court is "whether the instrument 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam). Chavez's pro se notice of appeal of the default judgment was a bona fide attempt to invoke this court's jurisdiction. *See Stumhoffer v. Perales*, 459 S.W.3d 158, 163 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (citing *Warwick Towers*, 244 S.W.3d at 838–39).

---

3   *See, e.g., Green v. Vidlak*, 76 S.W.3d 117, 119–20 (Tex. App.—Amarillo 2002, no pet.).

4   *See, e.g., Stallion Auto Sales Inc. v. Harrison*, No. 05-13-00937-CV, 2013 WL 5762875, at *1 (Tex. App.—Dallas Oct. 22, 2013, no pet.) (mem. op.) (directing party to file amended notice of appeal because original notice had been signed by nonlawyer corporate representative).

"An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed." TEX. R. APP. P. 25.1(g). Avew Holdings's amended notice of appeal corrected Chavez's defective notice of appeal, which was a bona fide attempt to invoke this court's jurisdiction. *See Stumhoffer*, 459 S.W.3d at 163 (citing *Warwick Towers*, 244 S.W.3d at 838–39). Accordingly, we have jurisdiction of this appeal. We sustain Avew Holdings's first issue and deny Williamson County's motion to dismiss.

**Return of Service.** In its second issue, Avew Holdings asserts that the return of service on the citation for Avew Holdings is deficient in several respects and that the default judgment must therefore be reversed.[5]

"For well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Strict compliance considers whether the record shows that the exact procedural requirements are met, not whether the

---

[5] Williamson County has not filed an appellee's brief. Williamson County filed with Avew Holdings a joint motion to reverse the default judgment and remand the case for a new trial. This joint motion was denied in an unpublished order because the rules of appellate procedure do not allow parties to agree that an appellate court will reverse a judgment. This joint motion also requested the court to deny or dismiss Williamson County's motion to dismiss for lack of jurisdiction.

intended party received notice of the lawsuit. *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.—Austin 2001, no pet.). The return of service is not a trivial document; it is prima facie evidence of proper service. *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994) (per curiam). The party seeking service is responsible for ensuring that proof of proper service is completed and reflected in the record. *See id.* at 153. On direct appeal, there is no presumption of proper return of service. *See id.*

Rule 107(b) provides:

(b) The return, together with any document to which it is attached, must include the following information:

> (1) the cause number and case name;
> (2) the court in which the case is filed;
> (3) a description of what was served;
> (4) the date and time the process was received for service;
> (5) the person or entity served;
> (6) the address served;
> (7) the date of service or attempted service;
> (8) the manner of delivery of service or attempted service;
> (9) the name of the person who served or attempted to serve the process;
> (10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and
> (11) any other information required by rule or law.

TEX. R. CIV. P. 107(b).

Avew Holdings's first complaint is that the return of service fails to state what was served. Rule 106(a)(1) requires that the citation be delivered to the defendant

"with a copy of the petition attached thereto . . . ." *Id.* R. 106(a)(1). As noted above, Rule 107(b)(3) requires the return of service to include "a description of what was served." *Id.* R. 107(b)(3). The return of service on the citation to Avew Holdings does not identify what document, if any, was served with the citation, and it does not state that the first amended petition was served with the citation. Therefore, the return of service is defective. *See Yazdchi v. Wells Fargo*, No. 01-15-00381-CV, 2016 WL 6212998, at *2 (Tex. App.—Houston [1st Dist.] Oct. 25, 2016, no pet.) (mem. op.); *Shamrock Oil Co. v. Gulf Coast Nat. Gas, Inc.*, 68 S.W.3d 737, 739 (Tex. App.—Houston [14th Dist.] 2001, pet. denied.). Because this defect alone is sufficient to reverse the default judgment, and with Williamson County's apparent concession that reversal is warranted, we need not address Avew Holdings's other complaints about the return of service. We sustain Avew Holdings's second issue.

We reverse the default judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.