

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00468-CV

**IN THE INTEREST OF U.U.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI22208
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: March 13, 2019

REVERSED AND REMANDED

Appellant Milan Uzunovic ("Uzunovic") files this restricted appeal from a default order in a suit affecting the parent-child relationship. Because the face of the record demonstrates Uzunovic was never served in the trial court, we reverse the default order and remand the cause to the trial court for further proceedings consistent with this opinion.

## Background

Appellee Dunja Markovic ("Markovic") filed a petition in a suit affecting the parent-child relationship identifying Uzunovic as the respondent. The petition did not identify an address where Uzunovic could be served.

Markovic subsequently filed a motion for alternative service stating: "Reasonably effective notice of the suit may be given to [Uzunovic] by posting to the front door of [Uzunovic's] employer

(which is also the owner's residence), Velocity Transport, 7228 148th Avenue, Kenosha, WI 53142." The motion stated attempts to serve Uzunovic at that address had been unsuccessful and referred to an attached process server's affidavit. The process server's affidavit stated he attempted to serve Uzunovic at the 148th Avenue address on four occasions, including on February 4, 2018 at 5:05 p.m., at which time:

> I spoke with an unknown occupant who states the company is ran out of this house but the respondent is not a residence [*sic*] here nor does he stay at this residence. She could not confirm if the respondent is employed by Velocity Transport. She states the President of the [*sic*] Velocity Transport is out of town until next Sunday. No one here is authorized to accept service on behalf of the company or respondent.

The trial court granted the motion for alternative service at the 148th Avenue address; however, the clerk's record does not contain a return of service. On March 29, 2018, the trial court signed a default order against Uzunovic stating: "[Uzunovic] although duly and properly cited, did not appear and wholly made default."

Uzunovic filed a notice of restricted appeal in the trial court on July 10, 2018.

## Discussion

In his sole issue, Uzunovic argues he is entitled to a restricted appeal regarding the order in suit affecting the parent-child relationship because it was a default order and he was not served.[1]

### A.    Standard of review

To prevail in this restricted appeal, Uzunovic has the burden to prove: (1) he filed notice of the restricted appeal within six months after the trial court signed the order; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of

---

[1] Markovic did not file an appellate brief.

law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also* TEX. R. APP. P. 26.1(c), 30.

## B.      Analysis

The record conclusively demonstrates: (1) Uzunovic filed notice of the restricted appeal in the trial court on July 10, 2018, within six months after the trial court entered the default order on March 29, 2018; (2) Uzunovic was a party to the underlying suit affecting the parent-child relationship; and (3) Uzunovic did not participate in the hearing that resulted in the default order and did not file any post-judgment motions or requests for findings of fact and conclusions of law. In addition, the face of the record demonstrates Uzunovic was not served, did not make an appearance in the trial court, and did not in any other manner waive service. "'There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [restricted appeal from] a default judgment.'" *Schamp v. Mitchell*, No. 04-14-00741-CV, 2015 WL 4478150, at *3 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). Because the record does not affirmatively demonstrate proper service, there is error apparent on the face of the record. *See id.*

## Conclusion

Because we conclude Uzunovic has met all the requirements for a restricted appeal, we reverse the trial court's order and remand this cause to the trial court for further proceedings consistent with this opinion.

Sandee Bryan Marion, Chief Justice