

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00266-CV
_____

TEDDY PARKER AND NADIA PARKER, APPELLANTS

V.

HOLLY LEFTWICH, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2021-CV-0342, Honorable Ann-Marie Carruth, Presiding

May 18, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellants Teddy Parker and Nadia Parker (Parker), appearing pro se, appeal the district court's default judgment taken jointly and severally against them and in favor of Appellee Holly Leftwich.[1] We reverse and remand.

_____

[1] The trial court's judgment also names "Fresh Auto Repair" as a jointly and severally liable defendant. This defendant did not, however, file a notice of appeal and we accordingly do not review the judgment as to Fresh Auto Repair. *See Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 584 (Tex. 2002) (holding party who failed to file notice of appeal waived challenge to judgment).

**Analysis**

Through a single issue on appeal, Parker argues, "The Court erred in finding that the Court had jurisdiction over the Defendant/Appellants since the record is devoid of proper proof of service."

The skimpy record with which we were provided shows that in October 2021 Leftwich sued Parker and Fresh Auto Repair in contract and tort. The clerk's record does not contain the answer of any defendant. On December 15, 2021, Leftwich's attorney filed a document stating, "I certify under penalty of perjury under the laws of the state of Texas that Plaintiff's Original Petition was served on Defendants Teddy Parker and Nadia Parker, via certified mail on the 15th day of November, 2021."[2] Attached as an exhibit were two certified mail, return receipts; one bearing the name Teddy Parker and the other the name Nadia Parker. Neither contained the addressee's signature. TEX. R. CIV. P. 107(c) ("When the citation was served by . . . certified mail . . . the return by the officer or authorized person must also contain the return receipt with the addressee's signature."). The record does not contain a return of service on Parker by the officer or person authorized to make service. TEX. R. CIV. P. 107(a),(b),(g). Rule 107 further provides, "No default judgment shall be granted in any cause until proof of service as provided by this rule . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment." TEX. R. CIV. P. 107(h).

Whether service strictly complied with the statutes and rules is a question of law that we review de novo. *LEJ Dev. Corp. v. Sw. Bank,* 407 S.W.3d 863, 866 (Tex. App.—

---

[2] This filing may have been intended as an unsworn declaration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (providing requirements for an unsworn declaration).

Fort Worth 2013, no pet.). The Supreme Court of Texas has long required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack. *Primate Constr. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). "The return of service is not a trivial, formulaic document. It has long been considered prima facie evidence of the facts recited therein." *Id.* Because Leftwich failed to comply with the service requirements, we have no proper proof that Parker was served with citation and the plaintiff's live petition.

## Conclusion

Because proper service was not affirmatively shown by the record, we reverse the judgment of the trial court as to Teddy Parker and Nadia Parker and remand the case for further proceedings. TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice

3