# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00447-CV

**Dream Realty and Construction Corp., Appellant**

**v.**

**The Lin Family Revocable Trust Dated May 9, 2013, Appellee**

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-006247, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dream Realty and Construction Corp. brings a restricted appeal from a no-answer default judgment rendered in favor of The Lin Family Revocable Trust Dated May 9, 2013 (the Trust). In one issue, Dream Realty asserts that there is error on the face of the record that requires reversal of the trial court's judgment. For the following reasons, we reverse the judgment and remand the case to the trial court for further proceedings.

## BACKGROUND

The Trust filed an original petition against Dream Realty and Dustin Dinh, the registered agent for Dream Realty, alleging that in 2022 the parties executed a purchase contract wherein defendants agreed to sell certain real property in Austin (the Property) to the Trust for $1.2 million and that the defendants breached the contract by releasing the Trust's earnest money and failing to close on the sale of the Property. After Dream Realty failed to answer, the Trust moved

for default judgment. In its Final Order and Judgment, the trial court granted the Trust's motion for default judgment and ordered that Dream Realty specifically perform the contract by transferring title to the Property within seven days' notice by the Trust that it had paid the contractual purchase price less any amounts awarded in the final judgment.[1]

## DISCUSSION

A restricted appeal is a direct attack on a judgment. *Kemp v. Kemp*, No. 03-22-00666-CV, 2023 WL 5535657, at *1 (Tex. App.—Austin Aug. 29, 2023, no pet.) (mem. op.). To prevail on its restricted appeal, Dream Realty must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). Only the fourth element is at issue here.

The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004). Review by restricted appeal "affords an appellant the same scope of review as an ordinary appeal," *E.H.*, 602 S.W.3d at 495, with the restriction that "[e]rror must be apparent from the face of the record, not inferred from the record," *Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.). The "error apparent from the face of the record must be reversible error, that is, error that resulted in an erroneous judgment." *Carbajal v.*

---

[1] The Trust admitted in its motion for default judgment that Dinh was never served with citation, and on the Trust's oral motion, the trial court's judgment dismissed without prejudice the Trust's claims against Dinh.

*Albiter-Carbajal*, No. 03-19-00852-CV, 2021 WL 2371357, at \*2 (Tex. App.—Austin June 10, 2021, pet. denied) (mem. op.).

Dream Realty argues that error is apparent on the face of the record because the Trust's attempted service of process on it did not strictly comply with the Texas Rules of Civil Procedure and therefore was invalid and ineffective. *See Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) ("[A] no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'"). "Because no-answer default judgments are disfavored, and because trial courts lack jurisdiction over a defendant who was not properly served with process, [the Texas Supreme Court] has construed 'strict compliance' to mean just that." *Id.* (citations omitted) (finding error on face of record where trial court's order authorized substitute service at house number on "Heathers Hill Drive" but return stated that it was executed at same house number on "Heather Hills Drive").

Proof of actual notice of a pending lawsuit cannot substitute for proper service of process and is insufficient to confer on a district court jurisdiction to render a default judgment. *See McCready v. Mayor*, No. 03-22-00322-CV, 2023 WL 4495222, at \*4 n.1 (Tex. App.—Austin Jul. 13, 2023, no pet.) (mem. op.). If the record does not demonstrate strict compliance with the rules relating to issuance, service, and return of citation, then error is apparent on the face of the record. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994) (per curiam). There are no presumptions in favor of valid issuance, service, and return of citation in restricted appeals. *Fidelity & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). Furthermore, it is the responsibility of the one requesting service to see that service is properly accomplished and that service is properly reflected in the record, and the Rules of Civil Procedure allow for

liberal amendment of the return of service to show the true facts of service. *See* Tex. R. Civ. P. 99(a), 118; *Primate Constr.*, 884 S.W.2d at 153.

Dream Realty contends that the face of the record demonstrates that the Trust did not strictly comply with Rule 107(c), which states,

> When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt *with the addressee's signature*.

Tex. R. Civ. P. 107(c) (emphasis added). The record contains a letter from the Trust's attorney requesting of the Travis County District Clerk "issuance of citation along with service by certified mail to each" of the two defendants, Dream Realty (through its registered agent, Dinh) and Dinh, both with the same mailing address. The letter request was filed with the clerk a few weeks after the Trust filed its original petition, and thereafter—as reflected in the clerk's record— the clerk issued a citation to each defendant. Underneath the bottom "Return" portion of the citation the cause number and the words "Constable Certified Mail" are typed, and the "Return" portion of the citation is otherwise blank except for an official stamp above the line reading "Sheriff/Constable/Authorized Person" and depicting the name and title "Carlos B. Lopez, Constable Pct. 5, Travis County, Texas."

In addition to this stamped but unsigned "Return" portion of the original citation, the record contains a separate, typewritten and signed "Officer's Return," which reads,

> Came to hand November 22, 2022 at 4:30 P.M. and executed in WILLIAMSON County, Texas, on November 29, 2022 at 5:00 P.M. by delivering to DREAM REALTY AND CONSTRUCTION CORP, by delivering to Dustin Dinh AND SIGNED BY L WELCH at 1950 S AUSTIN AVE GEORGETOWN TX 78626, by certified mail, number 7020 1810 0002 0156 2726 return receipt requested, a true copy of the Citation together with a copy of the PLAINTIFF'S ORIGINAL PETITION.

4

The signature line of the Officer's Return bears the printed name of Carlos B. Lopez and is signed on his behalf by a "Deputy" with an illegible signature. Attached to this Officer's Return is a certified-mail receipt, postmarked November 23, 2022, addressed to "Dream Realty and Construction Corp, Dustin Dinh" at the address specified above. The signature line on the certified-mail return receipt is signed illegibly but identifies the printed name of the signer as "L Welch"—next to a checked box for "agent" (and near an unchecked box for "addressee")—and identifying a delivery date of November 29, 2022, as depicted below:



L Welch—whoever that person may be—is neither the addressee (Dream Realty and Construction Corp.) nor the corporation's alleged registered agent (Dustin Dinh). Such discrepancy—between the recipient and signer of the certified-mail receipt and the entity to which the certified mail is addressed—is apparent on the face of the record. When service is effected by certified mail, Rule 107(c) unambiguously requires the return receipt to contain "the addressee's signature." *See id.*; *see also id.* R. 106(a) (unless otherwise directed by court or citation,

authorizing two methods of permissible service: (1) personal delivery to defendant or (2) registered or certified mail, return receipt requested).  Additionally, the officer's return must include, among other information, "the manner of delivery of service or attempted service."  *See id.* R. 107(b)(8).  Because the Officer's Return here specifies the manner of delivery of service as "certified mail," the return receipt was required to bear the *addressee's* signature, but it does not.  *See id.* R. 107(c).  The return of service thus does not strictly comply with Rule 107(c).[2]  *See id*.  We sustain Dream Realty's sole issue and hold that there is error on the face of the record requiring reversal of the judgment.  *See Spanton*, 612 S.W.3d at 316.

## CONCLUSION

For the reasons set forth in this opinion, we reverse the trial court's final judgment and remand this case to the trial court for further proceedings.

_____

Karin Crump, Justice

Before Justices Triana, Crump, and Ellis

Reversed and Remanded

Filed:  January 24, 2025

---

[2] The Trust responds that Rule 107(c) does not apply because the record proves that the citation was "personally delivered by Deputy Lopez" to Dinh, rather than sent by certified mail, but we fail to see anything in the record supporting that contention, including the only document relied on and cited by the Trust: the Officer's Return, quoted supra.  To the contrary, the Officer's Return expressly states that service of the citation was "executed . . . by delivering to DREAM REALTY AND CONSTRUCTION CORP . . . *by certified mail* . . . ." (Emphasis added.)  Moreover, in its motion for default judgment, the Trust represented that "Dream [Realty] was served with citation via certified mail sent by the Travis County District Clerk's office."