

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00161-CR

IN RE EDRICK DUNN, RELATOR

ORIGINAL PROCEEDING

May 19, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Relator, Edrick Dunn, proceeding pro se and *in forma pauperis*, presents multiple issues by which he seeks a writ of mandamus against the Honorable Les Hatch, Judge of the 237th District Court of Lubbock County, Texas, to compel him to order the Chief Deputy Clerk of Lubbock County to issue citation and service of process to defendants in his underlying civil suit. We deny the requested relief.[1]

---

[1] On May 9, 2025, Relator filed his petition. On May 14, 2025, he filed a second petition for writ of mandamus adding another deputy clerk as a respondent and reurging the same arguments raised in the first petition. On May 19, 2025, Relator filed an *Amended Petition* in which he mistakenly asserts the Lubbock County District Clerk's Office is somehow responsible for obtaining service of process on the defendants in his civil suit. This opinion addresses his concerns.

## BACKGROUND

According to Relator, on June 4, 2024, he filed an amended petition against the Honorable Jim Bob Darnell, retired judge, Barbara Sucsy, retired Lubbock County District Clerk, and Sara L. Smith, current Lubbock County District Clerk, alleging they violated his due process rights while processing and adjudicating his applications for writs of habeas corpus in 2017 and again in 2022. His suit alleges civil conspiracy, disobedience of writ of habeas corpus, abuse of process, denial of due process, denial of equal protection, denial of access to courts, illegal restraint, obstruction of justice, breach of fiduciary duty, and breach of settlement agreement implied in law. He also seeks declaratory and injunctive relief.

Relator relies on several exhibits submitted with his previous petition for writ of mandamus in Cause Number 07-25-00105-CV and requests we take judicial notice of those exhibits. TEX. R. EVID. 201. With the previous petition, he presented a copy of the trial court's "Civil Case Summary," submitted as Exhibit H showing citation issued against all three defendants on July 16, 2024. Relator then filed a "Motion for Service" on July 17, 2025, Exhibit F, requesting the trial court to issue an order "in assistance of issuing citation and service of process . . . ." Exhibit I is a copy of an order signed by Judge Hatch the following day on the "Motion for Service." The portion of the order showing "GRANTED or DENIED" is crossed out and Judge Hatch wrote "Moot. Citation has been issued."

2

In this proceeding, Relator has included Exhibit L, a copy of a "Notice of Intent to Dismiss – No Service of Citation" unless one of the following actions is taken prior to May 29, 2025:

- service by citation is obtained before 5-29-2025;

- a waiver of citation is filed before 5-29-2025;

- a verified motion to retain is filed before 5-29-2025.

### STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

3

## ANALYSIS

Relator asserts Judge Hatch has a ministerial duty to direct a deputy clerk to issue service of process. We disagree.

A litigant requesting citation is responsible for obtaining service of the citation and a copy of the original petition. TEX. R. CIV. P. 99.a.; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). A trial court bears no responsibility for assuring service of process on a defendant.[2] *In re Newby*, No. 07-07-00228-CV, 2007 Tex. App. LEXIS 5705, at *4 (Tex. App.—Amarillo July 19, 2007, orig. proceeding). In the absence of a return of service showing process was served on the defendants, Judge Hatch did not have a ministerial duty to consider and rule on Relator's "Motion for Service." *See In re Reger*, No. 03-16-00120-CV, 2016 Tex. App. LEXIS 3423, at *3 (Tex. App.—Austin April 5, 2019, orig. proceeding). Relator has not demonstrated entitlement to a writ of mandamus.

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Alex Yarbrough
Justice

---

[2] Rule 103, which provides who may serve process, does not include clerks or deputy clerks. TEX. R. CIV. P. 103.

4