**SHAMROCK OIL CO., Stephen F. Melton and Laura Melton, Appellants,**

v.

**GULF COAST NATURAL GAS, INC., Talisman Oil & Gas Company and Raccoon Bend Exploration, L.L.C., Appellees.**

No. 14–99–00976–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 2001.

Clinard J. Hanby, Woodlands, for appellants.

James P. Barnett, James P. Barnett Jr. & Associates, P.C., C. Charles Dippel, Law Office of C. Charles Dippel, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

BRISTER, Chief Justice.

The appellants, Shamrock Oil Company, Stephen F. Melton,[1] and Laura Melton, appeal from a judgment entered against them in favor of the appellees, Gulf Coast Natural Gas, Inc., Talisman Oil & Gas Company, and Raccoon Bend Exploration, L.L.C. After striking Shamrock's answer in a sanctions order and defaulting the Meltons for non-appearance, the trial court entered a final judgment against all appellants jointly and severally for $3,574,890.83. Because we find the record supports neither the sanctions nor the default order, we reverse the judgment and remand for new trial.

### Lack of Proper Service on the Meltons

The individual appellants, Stephen F. Melton and Laura Melton, allege the record fails to show proper service. Appellees' Second Amended Petition added the Meltons and over sixty other new parties as defendants, although it contained blank service addresses for most of them. The citation addressed to each of the Meltons commanded them

to appear before the 155th Judicial District Court of Austin County, Texas, to be held at the Courthouse of said County in the City of Bellville, Austin County, Texas, by filing a written answer to the petition of plaintiff at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause

[here follows the style of the case, listing three plaintiffs and sixty defendants]

filed in said court on <u>January 20, 1999</u>.

[underlining in original]. The officer's preprinted return form states that "a true copy of this Citation together with the accompanying copy(ies) of the _____ Petition attached thereto" were served on each of the Meltons. The question presented is

---

**1.** According to appellants' Motion for New Trial, Stephen F. Melton died on May 18, 1999. As this was after the trial court rendered judgment on May 3, 1999, we proceed to adjudicate this appeal as if he were alive. Tex.R.App. P. 7.1(a)(1).

whether the officer's failure to fill in the blank on the preprinted form to show which petition was served on the Meltons bars the default judgment. We believe that it does.

■ Most forms of service (other than service by publication) require a copy of the petition to be served with citation. See, e.g., Tex.R. Civ. P. 106(a)(1) (personal delivery); Tex.R. Civ. P. 106(a)(2) (certified mail); Tex.R. Civ. P. 106(b)(1) (substituted service); Tex. Civ. Prac. & Rem.Code Ann. § 17.045 (long-arm statute). Although Rule 107 does not expressly require the return of service to list documents served with the citation, see Tex.R. Civ. P. 107 (regarding contents of return), unless it does so it is impossible to tell if there has been compliance with the service rules.

The appellees argue that we may overlook the omission from the return because the citation makes clear which petition was served. See Carroll v. Carroll, 580 S.W.2d 410, 412 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) (affirming service based on return showing delivery of "an accompanying copy of _____" because citation supplied correct petition). We disagree. In the first place, we do not think the citation is very clear. While we understand court clerks must use standardized forms for routine issuance of citation, the combination in this form of a misplaced modifying phrase and date of filing,[2] an intervening list of sixty-three parties, and reference to the petition by filing date rather than title makes it difficult to tell what, if anything, was served with the citation.

Even if the citation were clear, we do not think that would be sufficient. In *Primate Const., Inc. v. Silver*, 884 S.W.2d 151 (Tex.1994), the Texas Supreme Court reversed a default judgment when the citation and return showed service of different petitions. The court refused to rely on the citation containing a filled-in blank showing service of the correct pleading, although the return showing service of the wrong pleading was merely a preprinted form. *Id.* at 152. The court stated that "the only proof that Primate Construction was served with anything at all" came from the return. *Id.* at 153. Thus, we believe the officer's return must show service of the correct pleading on the Meltons.

■ Alternatively, the appellees assert that the Meltons waived service when their counsel made an appearance in court to oppose appellees' motion to appoint a receiver for Shamrock. It is true that Shamrock's attorney appeared at a hearing to withdraw as its attorney, and referred several times to his inability to contact "his clients" because both the Meltons were hospitalized. But this appears to be nothing more than counsel's inartful personalization of his corporate client. There is no pleading or formal announcement on the record that counsel was appearing for the Meltons as well as for Shamrock. In its Final Judgment, the trial court stated that neither of the Meltons made an appearance in the action. We find there was no waiver by appearance. *See Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 589 (Tex.App.—Corpus Christi 1994, no writ) (holding appearance by corporation's attorney did not waive service on related corporations or corporate employees).

We do not condone the Melton's complete failure to answer, regardless of the severity of their personal crises. Never-

---

**2.** The phrase "a copy of which accompanies this citation" and the date of filing should follow "the petition of plaintiff."

theless, it was the duty of the appellees, not the process server, to see that service was properly accomplished and recorded. TEX.R. CIV. P. 99(a). The appellees could easily have requested amendment of the defective return, but did not. TEX.R. CIV. P. 118. The default judgment against the Meltons must be reversed because of this "equality of derelictions." *Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1990).

### Order Striking Shamrock's Answer

■ Shamrock argues that the trial court abused its discretion in striking its answer and rendering judgment by default. The Final Judgment states this action was taken because Shamrock (i) failed to comply with an order compelling discovery, (ii) failed to comply with an order enforcing a settlement agreement, and (iii) conveyed property in defiance of the order enforcing settlement. No affidavit or testimony was submitted in support of appellees' motion to strike Shamrock's answer.

■ A trial court may strike a party's pleadings as a sanction for discovery abuse if there is a direct relationship between the sanction and the offensive conduct, and the sanction is no more severe than necessary to satisfy its legitimate purpose. *Trans-American Natural Gas Corporation v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). The trial court must make sure that the party punished is the party responsible for the abuse, and must consider whether lesser sanctions would be sufficient. *Id.*

As to the first violation listed by the trial court, the only order compelling discovery in the record ordered the production of documents "upon which Shamrock relies for its Motion for Partial Summary

Judgment." Shamrock asserts in its brief that it had produced these documents twice already, and points out that any documents upon which it relied for summary judgment would have to be in the court's file. *See* TEX.R. CIV. P. 166a(c). Because no affidavit or testimony was submitted in support of appellees' motion to strike, there was no evidence to show what documents were missing[3] or whether Shamrock (as opposed to its counsel) was to blame. The record is also silent as to why the most obvious lesser sanction—denial of Shamrock's summary judgment for failing to produce the documents upon which it relied—would not have been sufficient.

The remaining violations listed by the trial court stand or fall together, as they depend upon the same trial court order. In October of 1998, Shamrock and the appellees signed a settlement agreement requiring certain assignments and releases between the parties. The agreement provided, however, that "[t]his settlement is conditioned on the purchase by Rainbow Energy of all existing wells owned by the parties and operated by Shamrock." Rainbow Energy was a third party unrelated to any party to the litigation. Rainbow never signed the settlement agreement or any other contract related to the litigation, and never bought the wells. Nevertheless, the trial court ordered Shamrock to comply with the settlement agreement.

■ We believe these facts are insufficient to support the sanctions order. The record does not reflect why the sale failed to take place, or whether it was Shamrock's fault. Moreover, even if some evi-

---

**3.** At oral argument, the only evidence that counsel for appellees could cite in support of the sanctions order was a conclusory statement by an officer of one of the appellees that "[w]e haven't received any records." But this testimony was given at a hearing more than a month *after* the trial court had stricken Shamrock's answer, and thus could not have been the basis of the order.

dence answered these questions, the proper remedy for failure to comply with a settlement agreement is an action for breach of contract. *Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 658 (Tex.1996).

 The appellees contend that this issue is rendered moot because Shamrock has forfeited its corporate privileges. *See* TEX. TAX CODE ANN. § 171.252 (denying corporation in default on franchise taxes the right to sue or defend in state courts). In the first place, appellees did not raise this matter by proper verified objection. TEX.R. CIV. P. 93(1)-(2).[4] Second, the record does not establish that the trial court gave Shamrock notice and an opportunity to cure this defect. *See Lighthouse Church of Cloverleaf v. Texas Bank,* 889 S.W.2d 595, 600 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Finally, the remedy provided by the statute is that a defaulting corporation cannot defend the action; it does not justify a sanctions order without trial or evidence.[5]

Again, we do not condone Shamrock's lack of activity in response to this litigation. The appellees presented evidence of a similar lack of activity by Shamrock in managing the parties' oil and gas interests, resulting in potential business, environmental, and regulatory problems. But we cannot affirm a sanctions order disposing of the case on the merits without more support in the record. We find the trial court abused its discretion in striking Shamrock's answer and entering judgment by default.

Because we find merit to the appellants' first and fourth points of error, we do not address the remaining points. The judgment against Shamrock Oil Company, Stephen F. Melton, and Laura Melton is reversed and the cause is remanded for new trial.

---

4. Appellees did verify a portion of their Second Amended Petition alleging Shamrock forfeited its privileges at various times in the past. But this was pleaded as a count against Shamrock for improper management, not as an objection that Shamrock lacked capacity to defend the suit.

5. For these reasons, we deny as moot the Motion of Laura Melton to Prosecute Appeal on Behalf of Shamrock Oil Co., as filed by the appellee Laura Melton.