Reversed and Remanded and Memorandum Majority and Dissenting Opinions
filed November 30, 2004









Reversed
and Remanded and Memorandum Majority and Dissenting Opinions filed November 30,
2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00205-CV

____________

 

HOUSTON WELDING
SUPPLY CO., INC., Appellant

 

V.

 

JAMES “L.C.”
JOHNSON,
Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 03-31661

 



 

M E M O R A N D U M   M A J O R I T Y    O P I N I O N

Houston Welding Supply Company appeals
from a default judgment favoring James Johnson in his premises liability suit
against it.  In this restricted appeal,
Houston Welding contends (1) the record fails to show strict compliance with
the rules for service of process, and (2) the evidence was legally and
factually insufficient to sustain the finding of causation or the amount of
damages awarded.  Because the record does
not affirmatively show strict compliance with the rules for service, we
reverse.

 








Discussion

To be successful, a restricted appeal must
(1) be brought within six months after the trial court signed the judgment, (2)
by a party to the suit, (3) who did not participate in the actual trial, and
(4) the error complained of must be apparent from the face of the record.  Tex. R.
App. P. 26.1(c), 30; Norman Communications v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997).  Houston
Welding filed its notice of appeal exactly six months after the court signed
the judgment, and it is undisputed that Houston Welding was named as a
defendant in Johnson’s petition and that it did not participate in the default
judgment hearing.  Thus, the only issue
is whether there is error on the face of the record.

Houston Welding argues that the return in
the present case was faulty in two regards: (1) it ambiguously stated that two
different methods were used to effect service, and (2) it failed to state that
the petition was served with the citation. 
Because we agree with the latter contention, we need not address the former.

Texas law requires that, in order for a
default judgment to withstand a direct attack by restricted appeal, strict
compliance with the rules for service of process must affirmatively appear in
the record.  Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994). 
The party requesting service of process has the responsibility to ensure
that service of the citation and a copy of the petition is properly
accomplished.  Tex. R. Civ. P. 99(a); Primate Constr., 884 S.W.2d at
153.  If the facts as recited in the
process server’s return are incorrect and do not show proper service, the
person requesting service must amend the return, under the permissive rules of
amendment, prior to judgment.  See
Tex. R. Civ. P. 118;  Primate Constr., 884 S.W.2d at 153.

Houston Welding specifically contends that
the server’s return failed to indicate that a copy of the petition was
served.  Indeed, the return simply has a
blank space after the pre-printed words “executed . . . by delivering to . . .
Registered Agent . . . a true copy of this notice, together with accompanying
copy of”.








Johnson first argues that the return is
valid because the citation states, “Attached is a copy of PLAINTIFF’S
ORIGINAL PETITION.”  However, in
regards to service of process, citations and returns are not created
equally.  A citation is a form providing
certain information to a person or entity that has been sued.  Tex.
R. Civ. P. 99(b).  It is one of
the items that must be served; thus, it is prepared before service.  See Tex.
R. Civ. P. 99(a).  A return is
essentially the serving officer’s report of what he or she did, and it
constitutes prima facie evidence of the facts recounted therein.  Tex.
R. Civ. P. 107; Primate Constr., 884 S.W.2d at 152.  A citation cannot constitute proof of its own
service, much less service of a document that may or may not have been attached
at the time of service.  See Primate
Constr., 884 S.W.2d at 153 (rejecting argument that service was proper
because citation showed proper document was attached, stating “the only proof
that Primate Construction was served with anything at all is [the] return”); Shamrock
Oil Co. v. Gulf Coast Natural Gas, Inc., 68 S.W.3d 737, 739 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied) (rejecting argument that citation
proved proper document was attached, stating “the officer’s return must show
service of the correct pleading”).  Thus,
the fact that the citation in the case before us stated that the petition was
attached to it cannot cure the fact that the return does not demonstrate that a
copy of the petition was served.

Johnson next argues that the following
line on the return proves the petition was served: “Serving 1 copy Y
$50.00.”  However, this entry clearly
begs the question: a copy of what?  The
cited entry does not affirmatively show service of the petition.  See Shamrock Oil, 68 S.W.3d at
738-39 (rejecting argument that return was sufficient to show proper service
when it stated that the citation was served with “the accompanying copy(ies) of
the _____ Petition attached thereto,” because it failed to show service of the
correct pleading).[1]








Lastly, Johnson suggests that Houston
Welding had actual knowledge of the lawsuit. 
This assertion is based on Johnson’s own testimony, at the hearing on
the motion for default judgment, wherein he stated that he went to Houston
Welding after the lawsuit was filed and was told by an employee that the
company would no longer do business with Johnson because he had sued it.  However, it is well established in Texas
that, absent proper service (or waiver thereof), actual notice of a lawsuit is
not sufficient to confer jurisdiction on a court to render default
judgment.  E.g., Wilson v. Dunn,
800 S.W.2d 833, 836-37 (Tex. 1990) (citing, among other cases, Harrell v.
Mexico Cattle Co., 73 Tex. 612, 11 S.W. 863, 865 (1889)).  Therefore, even if Johnson’s testimony was
considered proof of Houston Welding’s actual knowledge, it would not have
conferred jurisdiction over Houston Welding so as to support a default
judgment.

In conclusion, the face of the record does
not affirmatively show strict compliance with the rules of service of process;
thus, the default judgment against Houston Welding must be reversed.  Houston’s Welding’s first issued is granted.  Because of our disposition of this issue, we
need not address Houston’s Welding’s second issue.

The trial court’s judgment is reversed,
and the case is remanded for further proceedings in accordance with this
opinion.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment rendered and Memorandum
Majority and Dissenting Opinions filed November 30, 2004.

 

Panel consists of Chief Justice
Hedges and Justices Hudson and Seymore. (Seymore, J. dissenting).











[1]  Additionally,
Johnson points to the “Civil Process Request” and the “Motion for Default
Judgment” as demonstrating proof of service of the petition.  However, these two documents prepared by
Johnson’s attorney are proof of nothing in regard to how service was actually
executed.  Cf. Laidlaw Waste Sys.
(Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995)
(“pleadings are not competent evidence, even if sworn or verified”).