ACCEPTED
05-17-01126-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/21/2018 12:33 PM
LISA MATZ
CLERK

No. 05-17-01126-CV

_____

IN THE

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

5/21/2018 12:33:19 PM

LISA MATZ
Clerk

FIFTH DISTRICT COURT OF APPEALS

AT DALLAS, TEXAS

WWLC INVESTMENT, L.P.,

Appellant,

vs.

SORAB MIRAKI,

Appellee.

_____

Appealed from the 416th Judicial District Court of Collin County, Texas

_____

REPLY BRIEF OF APPELLANT WWLC INVESTMENT, L.P.

_____

PALMER & MANUEL, PLLC

By: /s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
State Bar No. 00790051
jsandberg@pamlaw.com
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/Fax (214) 265-1950
**COUNSEL FOR APPELLANT WWLC
INVESTMENT, L.P.,**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................... ii

TABLE OF AUTHORITIES ...................................................................................v

INTRODUCTION..................................................................................................1

REPLY ISSUES PRESENTED FOR REVIEW......................................................2

REPLY - SUMMARY OF ARGUMENT ...............................................................3

BRIEF OF ARGUMENT.......................................................................................3

REPLY ISSUE ONE (Restated) ...........................................................................5
The Trial Court Erred When It Sua Sponte Entered the Final Judgment That
WWLC's Petition for Bill of Review Was Denied Because There Was No
Consent by WWLC's Counsel.  (CR136; RR2 6-9)

ARGUMENT AND AUTHORITIES FOR REPLY ISSUE ONE ...........................5

REPLY ISSUE TWO (Restated) ...........................................................................6
Because the Order Authorizing Substituted Service and Return of Service Do
Not State the Nature of the Address for Substituted Service, the Substituted
Service is Defective. (CR131, 132)

ARGUMENT AND AUTHORITIES FOR REPLY ISSUE TWO ...........................6

ISSUE THREE (Restated) ....................................................................................7
The Trial Court Erred When It Entered the Final Judgment Dismissing the
Petition for Bill of Review Because the Citation Did Not Comply with Texas
Law –Service Upon a Limited Partnership Is Not Properly Addressed to an
"Owner."  (CR 136)

ARGUMENT AND AUTHORITIES FOR REPLY ISSUE THREE ......................7
A.     The Citation Is Addressed to Wendy Chen, Owner and Is Not Addressed
        to Wendy Chen, President as Argued by Appellee.........................................7

B. Because the Corporate General Partner Was Not Defunct at the Time of the Issuance of the Citation and Its Receipt by the Process Server, the Citation to "Owner" Failed to Comply with Texas Law...........................8

C. Because the Citation is Defective - The Citation is Improperly Addressed to "Wendy Chen, Owner" - Service Is Defective. ...........................9

D. The Information Regarding the Corporate General Partner's Charter Being Revoked Was Not Filed in the Underlying Case and Was Not Filed in the Petition for Review Proceeding Until 2017 – More Than a Year After the Default Judgment Was Entered in 2016. ...........................9

REPLY ISSUE FOUR (Restated)...........................10
The Trial Court Erred When It Entered the Final Judgment Dismissing the Petition for Bill of Review Because the Attempted Service Before the Substituted Service Did Not Comply with Texas Law – There Was No Attempted Service Upon a Registered Agent or Partner Before the Substituted Service. (CR 136; App.)

ARGUMENT AND AUTHORITIES FOR REPLY ISSUE FOUR...........................10
A. No Service Was Attempted at the Address of the Registered Agent or Another Person Authorized to Be Served by Texas Law. ...........................10

B. The Information Regarding the Corporate General Partner's Charter Being Revoked Was Not Filed in the Underlying Case and Was Not Filed in the Petition for Review Proceeding Until 2017 – More Than a Year After the Default Judgment Was Entered in 2016. ...........................12

REPLY ISSUE FIVE (Restated)...........................13
Service is Defective Because the Return of Service States the Petition, Not the First Amended Petition, Was Attached to the Front Door. (CR131)

ARGUMENT AND AUTHORITIES FOR REPLY ISSUE FIVE ...........................13

REPLY ISSUE SIX (Restated) ...........................14
WWLC Requests Rendition of Judgment on the Threshold Petition for Bill of Review Issue – Defective Service – and a Remand on the Substantive Issues in the Underlying Litigation. (CR136)

ARGUMENT AND AUTHORITIES FOR REPLY ISSUE SIX...........................14

A. There Are No Presumptions in Favor of Compliance with Texas Law Regarding Service When A Default Judgment is Directly Attacked. ............14

B. The Justice Court Eviction Petition Does Not Make Wendy Chen an "Agent" for Service of Process. ....................................................................14

C. The Justice Court Eviction Petition Was Not Filed in the Underlying Case and Was Not Filed in the Petition for Review Proceeding Until 2017 – More Than a Year After the Default Judgment Was Entered in 2016. ......................................................................................15

PRAYER ......................................................................................................15

CERTIFICATE OF SERVICE ............................................................................16

CERTIFICATE OF COMPLIANCE – WORD COUNT ..........................................17

# TABLE OF AUTHORITIES

**<u>CASES:</u>**                                                                 **<u>PAGE</u>**

*Bailey's Furniture, Inc. v. Graham-Rutledge & Co.*,
    No. 05-11-0071 0-CV, 2012 WL 6554420
    (Tex. App.—Dallas 2012, no pet.)...............................................9, 10, 12, 15

*Brown v. Magnetic Media, Inc.*,
    795 S.W.2d 41(Tex. App.—Houston [1st Dist.] 1990, no writ).....................7

*Davis v. Martin*,
    No. 01-07-00831-CV, 2009 Tex. App. LEXIS 1040
    (Tex. App.--Houston [1st Dist.] Feb. 12, 2009, no pet.)................................7

*Hurd v. D.E. Goldsmith Chem. Metal Corp.*,
    600 S.W.2d 345 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ)..........7

*Lytle v. Cunningham*,
    261 S.W.3d 83 (Tex. App.—Dallas 2008, no pet.).........................................3

*Marrot Commns., Inc. v. Town & Country P'ship*,
    227 S.W.3d 372 (Tex. App.—Houston [1st Dist.1 2007,
    pet. denied)...............................................................................10, 12, 15

*McKanna v. Edgar*,
    388 S.W.2d 927 (Tex.1965)........................................................................14

*Primate Constr., Inc. v. Silver*,
    884 S.W.2d 151 (Tex. 1994)........................................................................13

*Shamrock Oil Co. v. Gulf Coast Nat. Gas, Inc.*,
    68 S.W.3d 737 (Tex. App.—Houston [14th Dist.] 2001, pet denied)..........13

*Titus v. Southern Cnty. Mut. Ins. as Subrogee for T.W. Sales*,
    No. 03-05-00310-CV (Tex. App.—Austin 2009, no pet.).............................7

*Uvalde Country Club v. Martin Linen Supply Co.*,
    690 S.W.2d 884 (Tex.1985)........................................................................14

*Wilson v. Dunn*,
    800 S.W.2d 833 (Tex.1990)..........................................................................3, 14


**STATUTES**                                                      **PAGE**

TEX. BUS. ORGS. CODE § 5.201...........................................................................9, 11

TEX. BUS. ORGS. CODE § 5.251...........................................................................9, 11

TEX. BUS. ORGS. CODE § 5.255...........................................................................9, 11

TEX. CIV. PRAC. & REM. CODE § 17.022..............................................................9, 11

TEX. R. CIV. P. 106 ..........................................................................................6, 11

No. 05-17-01126-CV

_____

IN THE

FIFTH DISTRICT COURT OF APPEALS

AT DALLAS, TEXAS

WWLC INVESTMENT, L.P.,

Appellant,

vs.

SORAB MIRAKI,

Appellee.

_____

**REPLY BRIEF OF APPELLANT WWLC INVESTMENT, L.P.**
_____

TO THE COURT OF APPEALS:

Appellant WWLC Investment, L.P., ("WWLC" or "Appellant") submits this Appellant's Reply Brief.  Appellee Sorab Miraki will be referred to as "Miraki" or "Appellee."

1

## REPLY ISSUES PRESENTED FOR REVIEW

### REPLY ISSUE ONE

The Trial Court Erred When It Sua Sponte Entered the Final Judgment That WWLC's Petition for Bill of Review Was Denied Because There Was No Consent by WWLC's Counsel.  (CR136; RR2 6-9)

### REPLY ISSUE TWO

Because the Order Authorizing Substituted Service and Return of Service Do Not State the Nature of the Address for Substituted Service, the Substituted Service is Defective. (CR131, 132)

### REPLY ISSUE THREE

The Trial Court Erred When It Entered the Final Judgment Dismissing the Petition for Bill of Review Because the Citation Did Not Comply with Texas Law –Service Upon a Limited Partnership Is Not Properly Addressed to an "Owner."  (CR 136)

### REPLY ISSUE FOUR

The Trial Court Erred When It Entered the Final Judgment Dismissing the Petition for Bill of Review Because the Attempted Service Before the Substituted Service Did Not Comply with Texas Law – There Was No Attempted Service Upon a Registered Agent or Partner Before the Substituted Service.  (CR 136; App.)

### REPLY ISSUE FIVE

Service is Defective Because the Return of Service States the Petition, Not the First Amended Petition, Was Attached to the Front Door. (CR131)

### REPLY ISSUE SIX

WWLC Requests Rendition of Judgment on the Threshold Petition for Bill of Review Issue – Defective Service – and a Remand on the Substantive Issues in the Underlying Litigation. (CR136)

## REPLY - SUMMARY OF ARGUMENT

If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, there is error apparent on the face of the record and attempted service of process is invalid and of no effect. *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.).

In response to the service defects requiring a reversal that are described in WWLC's Brief, Appellee wholly fails to show that the attempted service upon WWLC's "owner" was somehow proper under Texas law. Without multiple attempts at service in compliance with Texas law - upon the registered agent or some other person authorized by Texas law to be served with process - there was no attempted compliant service before substituted service was requested and authorized. Further, Appellee wholly fails to explain why an attempted service at a business entity's place of business might somehow comply with Texas law before Appellee moved for alternative service. Instead, on page 18 of Appellee's Brief, Appellee argues that WWLC had "actual notice" of the lawsuit no later than December 15, 2015. Actual notice of a lawsuit is not a substitute for service that complies with the requirements mandated by Texas law, and "actual notice" is also not a substitute for the return of service information that is required by Texas law. Even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

On pages 15 and 19 of Appellee's Brief, Appellee points this Court to the forfeiture of the charter of WWLC's general partner. Appellee summarily concludes that this somehow authorizes service upon Wendy Chen as "owner" of WWLC, but Appellee points to no Texas law in support of Appellee's conclusion. If Appellee is arguing that Wendy Chen could be served as a replacement general partner, then the Citation would be required to expressly state that Wendy Chen was being served in her capacity as a partner. Of course, the citation does not state that Wendy Chen is being served in her capacity as a partner. (CR133)

**REPLY ISSUE ONE**

(Restated)

**The Trial Court Erred When It *Sua Sponte* Entered the Final Judgment That WWLC's Petition for Bill of Review Was Denied Because There Was No Consent by WWLC's Counsel. (CR136; RR2 6-9)**

**ARGUMENT AND AUTHORITIES FOR REPLY ISSUE ONE**

On page 20 of Appellee's Brief, Appellee points to the statement by the trial court at the conclusion of the hearing that WWLC's counsel consented to the June 14, 2017 trial on the petition for review. (CR256-57, RR2 67-68) To be clear, this is what the trial court stated on the record at the conclusion of the hearing/trial. (RR2 67-68) It is also clear that the Court was prepared to re-set the hearing on the temporary injunction to mid-July, which would have resulted in a writ of execution being issued and WWLC's property sold. (RR2 68) WWLC had no real choice here, and this is not "consent." (RR2 68) Further, the trial court judge requested that the proceedings "go off the record" following WWLC's attorney repeated requests, and before WWLC called its first witness. (RR2 6-9)

(Restated)

**Because the Order Authorizing Substituted Service and Return of Service Do Not State the Nature of the Address for Substituted Service, the Substituted Service is Defective. (CR131, 132)**

**ARGUMENT AND AUTHORITIES FOR REPLY ISSUE TWO**

On page 20 of Appellee's Brief, Appellee argues that Rule 106 permits an affidavit seeking to support alternative service to identify any place where the defendant can probably be found. *See* TEX. R. CIV. P. 106. Contrary to Appellee's argument, the order authorizing substituted service and the return of service also fail to state that the address is one where the defendant can probably be found. (CR131, 132) Appellee's argument fails – the legal requirement relied upon by Appellee is not met due to the omission of this language from the order authorizing substituted service and return of service. Further, these are two different issues – language requirements for the affidavit versus the order authorizing substituted service and return of service. Rule 106's requirements for the affidavit, on its face, do not mean that the omission of the "nature of the address" from the order authorizing substituted service and return of service is somehow excused.

Again, Texas law is clear - the order authorizing substituted service and return of service must state the nature of the address being utilized for substituted service:

Furthermore, neither the trial court's order nor Smith's return of service states that the address for substituted service was Titus's usual place of abode or other place where she could probably be found. This, too, is an error on the face of the record that requires reversal. *See Brown v. Magnetic Media, Inc.*, 795 S.W.2d 41, 43 (Tex. App.—Houston [1st Dist.] 1990, no writ) (trial court's order and return of service must specifically state that address for service was defendant's usual place of business in order to comply with Rule 106); *Hurd v. D.E. Goldsmith Chem. Metal Corp.*, 600 S.W.2d 345, 346 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) (reversing default judgment where neither constable's return nor trial court's order authorizing substitute service under Rule 106(b) stated that address for substituted service was defendant's usual place of business); *see also Davis v. Martin*, No. 01-07-00831-CV, 2009 Tex. App. LEXIS 1040, at *17 n.7 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.).

*Titus v. Southern Cnty. Mut. Ins. as Subrogee for T.W. Sales*, No. 03-05-00310-CV,

n.4 (Tex. App.—Austin 2009, no pet.).

## REPLY ISSUE THREE

### (Restated)

**The Trial Court Erred When It Entered the Final Judgment Dismissing the Petition for Bill of Review Because the Citation Did Not Comply with Texas Law –Service Upon a Limited Partnership Is Not Properly Addressed to an "Owner." (CR 136)**

**ARGUMENT AND AUTHORITIES FOR REPLY ISSUE THREE**

**A.     The Citation Is Addressed to Wendy Chen, Owner and Is Not Addressed to Wendy Chen, President as Argued by Appellee.**

On page 21 of Appellee's Brief, Appellee apparently is arguing that the Citation

is not defective because, according to Appellee, Wendy Chen was served in her

capacity as "President of Appellant's defunct (at the time of attempted and completed

7

service of process) general partner." This is false – the Citation states that Ms. Chen was served as "Owner" and not in her capacity as "President." (CR136)

**B.** **Because the Corporate General Partner Was Not Defunct at the Time of the Issuance of the Citation and Its Receipt by the Process Server, the Citation to "Owner" Failed to Comply with Texas Law.**

The Certificate of Amendment and the Assumed Name Certificate indicate that WWLC's registered agent is HPZ International, Inc., 100 N. Central Expressway, Suite 813, Richardson, Texas 75080. (RR5, pp. 36 &40/49; PX1)

The Citation was issued on January 13, 2016. (CR133) On page 15 of Appellee's Brief, Appellee asserts that "[o]n January 29, 2016, the corporate charter of the entity Appellant alleges is its general partner was forfeited involuntarily by the Texas Secretary of State. (CR189) Further, the Return of Service states that the Citation was received by the process server on January 20, 2016 (CR131), and thus before the forfeiture of the corporate charter on January 29, 2016. (CR189)

Clearly, the Citation was defective when it was issued by the clerk's office and received by the process server – the corporate general partner's charter had not yet been forfeited. As a result, and contrary to Appellee's argument that the forfeiture of the charter somehow permits service upon an "Owner," the Citation is not addressed to a person that Texas law provides may be properly served with process.

**C.** **Because the Citation is Defective - The Citation is Improperly Addressed to "Wendy Chen, Owner" - Service Is Defective.**

"Owner" is not an appropriate person for service of citation upon a limited partnership. TEX. BUS. ORGS. CODE §§ 5.201(b), 5.251, 5.255; TEX. CIV. PRAC. & REM. CODE § 17.022. As a result, the Citation is defective and WWLC was never properly served with process.

**D.** **The Information Regarding the Corporate General Partner's Charter Being Revoked Was Not Filed in the Underlying Case and Was Not Filed in the Petition for Review Proceeding Until 2017 – More Than a Year After the Default Judgment Was Entered in 2016.**

As shown above, the forfeiture of the corporate general partner's charter occurred after the Citation was issued by the clerk's office and received by the process server. Further, the documents regarding the corporate forfeiture were not filed in the underlying litigation and were instead filed in the Petition for Bill of Review proceeding on August 1, 2017 – when Appellee filed the document as supplemental exhibits to Appellee's Response to WWLC's Motion for New Trial. (CR186, 189) As a result, the corporate charter documents were not before the trial court at the time the default judgment was entered on April 27, 2016. (CR15)

"Unless the record affirmatively shows, 'at the time the default judgment is entered,' either an appearance by the defendant, proper service of citation, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to render a default judgment against the defendant." *Bailey's Furniture, Inc. v. Graham-*

9

*Rutledge & Co.*, No. 05-11-0071 0-CV, *4; 2012 WL 6554420 (Tex. App.—Dallas

2012, no pet.) (quoting *Marrot Commns., Inc. v. Town & Country P'ship*, 227 S.W.3d

372, 376 (Tex. App.—Houston [1st Dist.1 2007, pet. denied).

In conclusion, the forfeiture of the corporate charter is not relevant to this

Court's analysis of whether the Citation complied with Texas law. *See Bailey's*

*Furniture, Inc.*, No. 05-11-0071 0-CV, *4.

**REPLY ISSUE FOUR**

(Restated)

**The Trial Court Erred When It Entered the Final Judgment Dismissing the
Petition for Bill of Review Because the Attempted Service Before the Substituted
Service Did Not Comply with Texas Law – There Was No Attempted Service
Upon a Registered Agent or Partner Before the Substituted Service. (CR 136;
App.)**

**ARGUMENT AND AUTHORITIES FOR REPLY ISSUE FOUR**

**A.      No Service Was Attempted at the Address of the Registered Agent or
         Another Person Authorized to Be Served by Texas Law.**

On page 21, Appellee argues that Texas law does not require that service be

attempted at multiple locations before substituted service may be authorized. While

this is a correct statement of law, Appellee fails to show that there were multiple

attempts to effect service before the substituted service was requested. The service

attempts by the process server upon "Wendy Chen, Owner" began on January 20, 2016

and concluded on January 29, 2016. (CR130) On page 15 of Appellee's Brief,

Appellee asserts that "[o]n January 29, 2016, the corporate charter of the entity Appellant alleges is its general partner was forfeited involuntarily by the Texas Secretary of State. (CR189)

"Owner" is not an appropriate person for service of citation upon a limited partnership. TEX. BUS. ORGS. CODE §§ 5.201(b), 5.251, 5.255; TEX. CIV. PRAC. & REM. CODE § 17.022. As a result, the attempted service on and before January 29, 02016 is defective, making the substituted service defective as well. Again, before a motion for substituted service may be granted, service must be attempted under Rule 106(a). TEX. R. CIV. P. 106(b). There must be a supporting affidavit establishing that service was attempted more than once that complies with the personal service requirements of Rule 106(a)(1) or the mailing requirement of Rule 106(a)(2). TEX. R. CIV. P. 106(b).

The Certificate of Amendment and the Assumed Name Certificate indicate that WWLC's registered agent is HPZ International, Inc., 100 N. Central Expressway, Suite 813, Richardson, Texas 75080. (RR5, pp. 36 &40/49; PX1) The affidavit in support of Miraki's Motion for Substituted Service describes service attempts solely at the "above mentioned address" – 5610 Eastside Ave., Dallas, Texas 75214. (CR129) With no attempt to serve the registered agent or another person in compliance with Texas law, Appellee's substituted service was not proper, and the default judgment must be set aside.

11

**B.** **The Information Regarding the Corporate General Partner's Charter Being Revoked Was Not Filed in the Underlying Case and Was Not Filed in the Petition for Review Proceeding Until 2017 – More Than a Year After the Default Judgment Was Entered in 2016.**

As shown above, the forfeiture of the corporate general partner's charter occurred after the Citation was issued by the clerk's office and received by the process server. Further, the documents regarding the corporate forfeiture were not filed in the underlying litigation and were instead filed in the Petition for Bill of Review proceeding on August 1, 2017 – when Appellee filed the document as supplemental exhibits to Appellee's Response to WWLC's Motion for New Trial. (CR186, 189) As a result, the corporate charter documents were not before the trial court at the time the default judgment was entered on April 27, 2016. (CR15)

"Unless the record affirmatively shows, 'at the time the default judgment is entered,' either an appearance by the defendant, proper service of citation, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to render a default judgment against the defendant*." Bailey's Furniture, Inc.*, No. 05-11-0071 0-CV, *4 (quoting *Marrot Commns., Inc.*, 227 S.W.3d at 376). In conclusion, the forfeiture of the corporate charter is not relevant to this Court's analysis of whether the attempted service complied with Texas law. *See Bailey's Furniture, Inc.*, No. 05-11-0071 0-CV, *4.

(Restated)

**Service is Defective Because the Return of Service States the Petition, Not the First Amended Petition, Was Attached to the Front Door. (CR131)**

**ARGUMENT AND AUTHORITIES FOR REPLY ISSUE FIVE**

The return of service must correctly identify the petition served on the defendant. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (recitation that petition, instead of second amended petition, was served, was error). *Shamrock Oil Co. v. Gulf Coast Nat. Gas, Inc*., 68 S.W.3d 737, 738-39 (Tex. App.— Houston [14th Dist.] 2001, pet denied) (recitation that petition was served, without correctly stating which petition was served, was error).

On page 22 of Appellee's Brief, Appellee argues that the Return of Service, by describing the Amended Petition as being "delivered," shows that it was the Amended Petition, and not the Original Petition, that was served. (CR131) While the Return of Service states the Amended Petition was "delivered," it also states the facts describing the process server's action: "By attaching a true copy of the Citation to Defendant WLC Investment, LP, with a copy of the Petition [not the Amended Petition] attached." (CR131) The failure to accurately state that the First Amended Petition was attached to the door is error. *See Primate Constr., Inc.*, 884 S.W.2d at152; *Shamrock Oil Co.*, 68 S.W.3d at 738-39.

**REPLY ISSUE SIX**

**WWLC Requests Rendition of Judgment on the Threshold Petition for Bill of Review Issue – Defective Service – and a Remand on the Substantive Issues in the Underlying Litigation. (CR136)**

**ARGUMENT AND AUTHORITIES FOR REPLY ISSUE SIX**

**A.     There Are No Presumptions in Favor of Compliance with Texas Law Regarding Service When A Default Judgment is Directly Attacked.**

Strict compliance with the rules for service of citation must affirmatively appear on the record in order for a default judgment to withstand direct attack. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex.1985).  There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde*, 690 S.W.2d at 836; *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965).  Contrary to Texas law, Appellee argues on pages 22 and 23 of Appellee's Brief that this Court should imply findings in support of the service of process and apply a "factual sufficiency" standard of review.  This is not the applicable standard of review.

**B.     The Justice Court Eviction Petition Does Not Make Wendy Chen an "Agent" for Service of Process.**

On page 24 of Appellee's Brief, Appellee argues that the Justice Court Eviction Petition somehow makes Wendy Chen an appropriate agent for service because Wendy Chen signed the Eviction Petition above the signature line for "Plaintiff

14

(Landlord/Property Owner) or Agent." (CR122) Notably Appellee does not provide any authorities or argument in support of Appellee's conclusion, and the reason is simple – there aren't any.

**C.     The Justice Court Eviction Petition Was Not Filed in the Underlying Case and Was Not Filed in the Petition for Review Proceeding Until 2017 – More Than a Year After the Default Judgment Was Entered in 2016.**

"Unless the record affirmatively shows, 'at the time the default judgment is entered,' either an appearance by the defendant, proper service of citation, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to render a default judgment against the defendant*." Bailey's Furniture, Inc.*, No. 05-11-0071 0-CV, *4 (quoting *Marrot Commns., Inc.*, 227 S.W.3d at 376).  On June 14, 2017 (CR60), Appellee filed a Brief in support of Appellee's opposition to the injunctive relief requested by WWLC and included the Justice Court Eviction Petition as an exhibit. (CR122) The Eviction Petition is not relevant to this Court's analysis, as it was not timely before the trial court at the time of the default judgment.  *See Bailey's Furniture, Inc.*, No. 05-11-0071 0-CV, *4.

## PRAYER

For all the reasons stated in Appellant's Brief and this Reply Brief, Appellant WWLC Investment, L.P.  asks that this Court reverse the judgment of the trial court, partially render judgment in favor of WWLC that the default judgment is void and remand this cause for further proceedings.

15

Respectfully submitted,

PALMER & MANUEL, PLLC

By: /s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
State Bar No. 00790051
jsandberg@pamlaw.com
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/ (214) 265-1950 – Fax
**COUNSEL FOR APPELLANT**
**WWLC INVESTMENT, L.P.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon opposing counsel, on the 21st day of May, 2018, upon:

**Via E-Filing and Email (ewalker@mwtrialfirm.com):**
Eric D. Walker, Esq.
MORALES |WALKER PLLC
6060 N. Central Expy., Suite 500
Dallas, Texas 75206
Telephone: 972.948.3646
Facsimile: 972.361.8005
Attorneys for Appellee Sorab Miraki

/s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## <u>CERTIFICATE OF COMPLIANCE – WORD COUNT</u>

Appellants file this Tex. R. App. P. 9.4 Certificate of Compliance regarding the Appellant's Reply Brief filed on this date. Counsel for Appellants certifies that Appellant's Reply Brief was generated by a computer using Microsoft Word 2007 which indicates that after excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as permitted under Rule 9.4(i)(1) of the Texas Rules of Civil Procedure, the word count of this document is 2,950.

<u>/s/ Jeffrey R. Sandberg_</u>
Jeffrey R. Sandberg