**Reverse and Remand and Opinion Filed September 16, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01038-CV**

**IN THE INTEREST OF F.H., A CHILD**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-18768**

## MEMORANDUM OPINION[1]

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Molberg

In this restricted appeal, appellant Alexandra Nicole Hopkins (Mother) appeals a final no-answer default judgment[2] that granted appellee Daniel Eugene Hopkins' (Father's) petition to modify the parent-child relationship as to their minor daughter, F.H. Mother raises three issues, all regarding service of process.[3] Because we conclude error appears on the face of the record in at least two respects, we

---

[1] *See* TEX. R. APP. P. 47.4.

[2] By "final no-answer default judgment" we mean the "Final Order in Suit to Modify Parent-Child Relationship" signed April 17, 2023 as later corrected by the Judgment Nunc Pro Tunc signed April 24, 2023.

[3] Mother argues (1) Father did not properly serve her with notice and citation of the modification action, (2) the trial court abused its discretion in authorizing substitute service, and (3) the trial court abused its discretion in awarding a default judgment without proper service on Mother.

sustain Mother's issues to the extent reflected below, reverse the trial court's judgment, and remand for further proceedings.

## I. BACKGROUND

In July 2020, the parties were divorced by an "Agreed Final Decree of Divorce" (Decree). The Decree stated Mother and Father are parents of F.H., and listed, along with other information required by Texas Family Code § 105.006, Mother's and Father's then-current residence addresses.[4] Mother's address was listed as "[XXXX[5]] Ribbon Creek Way, Spring, Texas 77389."[6]

In March 2022, Father filed an "Original Petition to Modify Parent-Child Relationship." The petition alleged various circumstances had materially and substantially changed since the Decree was rendered, requested that various modifications be made, and alleged the requested modifications were in F.H.'s best interest. The petition requested service of citation on Mother at "[XXXX] Orchard Dale Road, Spring, TX 77389."

A month later, Father filed a "Motion for Substituted Service" which asked the trial court to authorize Mother to be served "by posting a true copy of the citation, with a copy of the petition attached, to the door at [XXXX] Orchard Dale Road,

---

[4] Texas Family Code § 105.006 states, in part, "(a) A final order, other than in a proceeding under Chapter 161 or 162, must contain . . . (2) each party's current residence address . . . , except as provided by Subsection (c)."

[5] To help protect the parties' privacy, throughout the opinion, we have inserted "XXXX" rather than listing the specific numbers, letters, or other characters comprising the address or email address being referred to.

[6] On appeal, Mother states this is her "actual residence" and where she has resided since the divorce.

–2–

Spring, Texas 77389" and "by sending a true copy of the citation, with a copy of the petition attached via email to [XXXX]@gmail.com through [Father's attorney] and also through Docusign."

The motion was accompanied by two exhibits, consisting of two affidavits of non-service that included information about unsuccessful attempts to serve Mother at two addresses.[7] The motion contained an unsworn statement by Father's counsel that described the affidavits as "indicating [Mother's] usual place of business, usual place of abode, or other place where [she] can probably be found[,]" but neither affidavit made any such references. Not only did each affidavit fail to refer to the attempted service addresses as Mother's "usual place of business, usual place of abode, or other place where [she] can probably be found," each affidavit also included information which indicated that, in fact, the opposite was true.[8]

On May 4, 2022, the trial court signed an "Order on Motion for Substituted Service." The order granted Father's motion, found Mother "will receive reasonably effective notice" by the means of service ordered, and stated (emphasis added):

> IT IS ORDERED that [Father's] Motion for Substituted Service is GRANTED. IT IS FURTHER ORDERED that [Mother] shall be given notice of this suit by posting a true copy of the citation, with a copy of

---

[7] One of these addresses was the Orchard Dale Road address listed for Mother in Father's petition; the other was a specific business location on Forest Crossing Drive in The Woodlands, Texas.

[8] As to the Orchard Dale Road address, the affiant described one attempt as "No answer – left door hanger" and the other, in part, as follows: "Homeowner . . . answered door and stated he's lived in home 2 years and subject is unknown to him. Confirmed with next door neighbor." As to the Forest Crossing Drive address, the affiant stated, "I attempted to hand deliver the citation along with associated documents to [Mother and] was informed . . . that [Mother] works remotely and not at this office."

the petition attached, to the door at [XXXX] Orchard Dale Road, Spring, Texas 77389, **and** by sending a true copy of the citation, with a copy of the petition attached, to [XXXX]@gmail.com via Docusign **and** through [Father's] attorney's email.[9]

In July 2022, Father's counsel filed a "Citation by Publication Affidavit" describing the efforts she made to serve Mother, which consisted of sending Mother the file-marked petition and citation "via [XXXX]@gmail.com via Docusign" on April 20, 2022, and again on April 25, 2022.[10] Counsel's affidavit did not indicate that a true copy of the citation, with a copy of the petition attached, was posted to the door at XXXX Orchard Dale Road, Spring, Texas 77389 or was sent to XXXX@gmail.com through counsel's email.

The trial court heard Father's petition on April 7, 2023. Mother did not appear at the hearing, and Father was the only person to testify. During his testimony, the following exchange occurred:

Q. And we filed this lawsuit and also served your ex-wife with citation; is that correct?

A. That is correct.

Q. At two different times in fact, correct?

A. Correct.[11]

---

[9] The order also stated, "Proof of service upon [Mother] shall be made pursuant to Rule 107 of the Texas Rules of Civil Procedure."

[10] Although counsel's affidavit did not further describe the documents or means of service on April 25, 2022, her affidavit also stated, "On April 25, 2022, the documents were sent again at 3:19 p.m."

[11] It is not at all clear from this exchange what Father was referring to, but we assume for purposes of this restricted appeal that he was referring to the information contained in his counsel's July 2022 affidavit described above. That is the only information in the record purporting to reflect service upon Mother.

–4–

Q. And at this point, she has continued to fail to answer this lawsuit.

A. Yes, ma'am.

On April 17, 2023, the trial court signed the final no-answer default judgment granting Father's petition. The judgment stated, in part, that "[Mother], after being served with process in this suit, never responded to the petition to Modify Parent Child Relationship and has defaulted" and "[t]he Court finds that the pleadings are proper and citation was properly served on all necessary parties as required by law." Seven days later, the trial court signed a Judgment Nunc Pro Tunc correcting a clerical error in the April 17, 2023 judgment. This restricted appeal followed.

## II. ANALYSIS

### A. Restricted Appeals

"A restricted appeal is a direct attack on the trial court's judgment that affords an appellant the same scope of review as an ordinary appeal, that is, review of the entire case." *Cate v. Posey*, No. 05-17-01216-CV, 2018 WL 6322170, at *1 (Tex. App.—Dallas Dec. 4, 2018, no pet.) (mem. op.) (citing *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965)). A party can prevail in a restricted appeal only if:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *see* TEX. R. APP.

P. 26.1(c), 30. For purposes of a restricted appeal, the face of the record consists of all the papers on file before the judgment, as well as any reporter's record. *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied).

Here, the record establishes, and neither party disputes, Mother has satisfied the first three elements. *See* TEX. R. APP. P. 26.1(c), 30; *Lejeune*, 297 S.W.3d at 255 (Tex. 2009). Thus, we must decide whether error appears on the face of the record.

### B.     TEX. R. CIV. P. 106 and Service Issues in Restricted Appeals

Texas Rule of Civil Procedure 106 states:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) ***Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found*** and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106 (emphasis added).

"In a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.) (citing *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). Whether service strictly complied with the rules is a question of law we review de novo. *U.S. Bank Tr., N.A. v. AJ & SAL Enters., LLC*, No. 05-20-00346-CV, 2021 WL 1712213, at *2 (Tex. App.—Dallas Apr. 30, 2021, no pet.) (mem. op.); *Daigrepont v. Preuss*, No. 05-18-01271-CV, 2019 WL 2150916, at *3 (Tex. App.—Dallas May 17, 2019, no pet.) (mem. op.).

To withstand a challenge to the default judgment, the record must demonstrate strict compliance with service rules. *See Primate Const.*, 884 S.W.2d at 152 ("For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack."). "There are no presumptions in favor of valid issuance, service, and return of service." *Id.*

If the record in a restricted appeal fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) (stating this in context of a writ of error attack on a default judgment); *see also* TEX. R. APP. P. 30.[12] "When

---

[12] *See* TEX. R. APP. P. 30 (stating, in part, "Restricted appeals replace writ of error appeals to the court of appeals.").

–7–

the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void." *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008, no pet.).

Courts "rigidly enforce rules governing service when a default judgment is entered because 'the only ground supporting the judgment is that the defendant has failed to respond to the action in conformity with the applicable procedure for doing so.'" *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990)). "[E]ven if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand." *Id.* (citing *Wilson*, 800 S.W.2d at 837).

## C.  Order on Motion for Substitute Service

In Mother's second issue, she argues the trial court abused its discretion in authorizing substitute service because the record reflects the addresses where Father attempted service were not Mother's usual places of abode or business or a place she would probably be found.

We sustain this issue to the extent that we conclude error is apparent on the face of the record in this regard, as the record does not affirmatively show strict compliance with service rules. *See Primate Const.*, 884 S.W.2d at 152. Specifically, despite rule 106's requirements, the record reflects that Father's motion was not "supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where [Mother] can probably be found." *See* TEX. R.

–8–

CIV. P. 106(b). In fact, the record contains sworn information suggesting the opposite is true, as Father's motion was accompanied by affidavits suggesting that the addresses where service was attempted were not, in fact, Mother's usual places of business or abode or places were Mother could probably be found. *See Light v. Verrips*, 580 S.W.2d 157, 159 (Tex. Civ. App.—Houston [1st Dist.] 1979, no pet.) (setting aside default judgment in petition for writ of error context, remanding cause for trial on merits where record did not show the address indicated in court's order for substitute service was defendant's usual place of abode and where other information in the record indicated that such address was not, in fact, the defendant's usual place of abode).

## D. Attempts to Effectuate Substitute Service

In Mother's first and third issues, she argues Father did not properly serve her with notice and citation of the modification action (first issue) and that the trial court abused its discretion in awarding a default judgment without proper service on her (third issue). Father disputes Mother's first and third issues by arguing that serving her through one of the three ordered means of service was enough.

We reject Father's argument and agree with Mother's, considering the standards involved in this restricted appeal. "When a trial court orders substituted service pursuant to rule 106, the only authority for the substituted service is the order itself." *Spanton v. Bellah*, 612 S.W.3d 314, 317–18 (Tex. 2020).

Here, even if we assume the trial court's order allowing substitute service was otherwise proper, we conclude error still appears on the face of the record because the record does not reflect strict compliance with the trial court's order. To conclude otherwise would require us to ignore that the trial court found that Mother would receive reasonably effective notice through the three means of service requested by Father, all of which were joined by the word "and," not the word "or."

As we have stated, "[V]irtually any deviation" from the rules "will be sufficient to set aside a default judgment in a restricted appeal." *Dolly*, 10 S.W.3d at 388. More recently, we also observed:

> Although the strict compliance requirements sometimes lead the courts to rather weird conclusions, preventing us from making even the most obvious and rational inferences, we believe good public policy favors the standard. The end effect of our application of the strict compliance standard is an increased opportunity for trial on the merits. This policy justifies what may at first blush seem a hyper-technical rule.

*Pro-Fire & Sprinkler, L.L.C. v. The Law Co.*, 661 S.W.3d 156, 164 (Tex. App.—Dallas 2021, no pet.).

Here, the lack of strict compliance with service rules makes Father's attempted service of process invalid and of no effect, *see Uvalde Country Club*, 690 S.W.2d at 885, and the trial court acquired no personal jurisdiction over Mother. *See Lytle*, 261 S.W.3d at 839–40. Although Mother was apparently aware of the lawsuit,[13] "a default judgment is improper against a defendant who has not been

---

[13] Mother acknowledges in her appellate brief that she received the email referred to in Father's counsel's affidavit.

served in strict compliance with law, even if he has actual knowledge of the lawsuit," *see Wilson*, 800 S.W.2d at 837, and a default judgment rendered against her upon defective service will not stand. *See Hubicki*, 226 S.W.3d at 408.

We sustain Mother's first and third issues to the extent discussed above and need not reach Mother's argument regarding Father's failure to attempt to serve her at the address listed in the Decree.[14]

### III. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings.

/Ken Molberg/
KEN MOLBERG
JUSTICE

231038f.p05

---

[14] In her first issue, Mother argues, in part, "Despite learning that [Mother] did not reside at the residence where he attempted to have her served and despite having access to [her] actual residence, [Father] made no effort to properly serve [her]." To the extent Mother argues that it was improper for Father not to attempt to serve her at the address listed in the parties' Decree, we need not decide that issue. *See* TEX. R. APP. P. 47.1.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF F.H., A CHILD, Appellant

No. 05-23-01038-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-18768. Opinion delivered by Justice Molberg. Justices Breedlove and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant ALEXANDRA NICOLE HOPKINS recover her costs of this appeal from appellee DANIEL EUGENE HOPKINS.

Judgment entered this 16th day of September, 2024.